NUMBER
13-99-676-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                      CORPUS
CHRISTI B
EDINBURG

 



 

AUBREY RAY VAUGHAN,                                                      Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 



 

                On
appeal from County Criminal Court at Law No. 2

                                  of
Brazoria County, Texas.

 

 



                                   O P I N I O N

     Before Justices Hinojosa, Castillo and
Baird[1]

                                          Opinion
by Justice Baird

 








Appellant was charged by complaint with the offense of driving without
a driver=s license.  A trial was held in the Justice Court where a
jury convicted appellant of the charged offense and assessed punishment at a
fine of $185.  Appellant gave notice of
appeal to the County Criminal Court of Law No. 2 of Brazoria County.  In this de novo proceeding, appellant
waived his right to a jury, and was convicted by the trial judge of the charged
offense.  The trial judge assessed
punishment at a fine of $25. We affirm.

I.

The facts giving rise to this prosecution are not in dispute.  On August 1, 1998, appellant was driving a
motor vehicle with an expired license plate. 
Texas Department of Public Safety trooper Jack Petitt employed his
emergency equipment, and appellant stopped his vehicle.  When Petitt asked appellant for his driver=s license, appellant
stated he did not have one because he was not in the social security system,
and was unable to get a driver=s license in Texas
without having a social security number. 
The State offered evidence in the form of an affidavit from the
custodian of driver records of the Driver License and Control Service, Texas
Department of Public Safety, stating there was no record of appellant having
been issued any type of Texas driver=s license.  At the conclusion of the State=s case, appellant
moved for an acquittal.  The trial judge
denied the motion, found appellant guilty, and assessed a fine of $25 plus
court costs.  Appellant now raises three
points of error challenging this judgment.

 








II.

The Texas Transportation Code provides that a person required to hold
a license shall have in his possession while operating a motor vehicle the
class of driver's license appropriate for the type of vehicle operated, and
display the license on the demand of a peace officer.  Tex.
Transp. Code Ann. ' 521.025(a)(1) and (2)
(Vernon 1999).  This section further
provides that a person who violates this section commits an offense punishable
by a fine not to exceed $200.  Id.
at (c).  Appellant was required to have a
license to drive his vehicle.  Tex. Transp. Code Ann. ' 521.021 (Vernon
1999). There is no evidence appellant was exempt from the license
requirement.  Tex. Transp. Code. Ann. ' 521.027 (Vernon
1999).

The issue presented in points of error one and two is whether this
prosecution violates appellant=s constitutional right
of religious freedom.  Appellant=s argument may be
stated as follows: Appellant=s religious beliefs
prevent him from obtaining a social security number.  Consequently, appellant has opted out of the
social security system, and has no social security number.  Because appellant has no social security
number, he is unable to obtain a Texas driver=s license. 
Therefore, the instant prosecution violates appellant=s First Amendment
Right to freedom of religion.








We must reject this argument because it is based upon a faulty
premise, namely that a social security number is required to obtain a Texas
driver=s license.  Section 231.302(c) of the Family Code
provides:  ATo assist in the administration of laws relating
to child support enforcement under Parts A and D of Title IV of the federal
Social Security Act (42 U.S.C. Sections 601‑617 and 651‑669):  (1) each licensing authority shall request
and each applicant for a license shall provide the applicant's social security
number[.]@  Tex.
Fam. Code Ann. ' 231.302(c)(1) (Vernon
Supp. 2002).  This provision of the
Family Code is enforced by the Texas Department of Public Safety via
Chapter 37, section 15.42(a) of the Texas Administrative Code which
provides:  AThe social security number shall be obtained from
all applicants for the purpose of additional identification.@  37 Tex.
Admin. Code ' 15.42.  However, neither the federal statute nor the
applicable laws of Texas have been interpreted to require possession of a
social security number as a prerequisite for a driver=s license.  Op. Tex. Att=y Gen. No. JC-409 (2001).  In fact, that opinion concludes with the
declarative statement:  AAn individual is not
required to have a social security number as a condition of receiving a [driver=s] license.@  Id.[2]  Because appellant=s argument is premised
upon the erroneous belief that a social security number is required to obtain a
valid Texas driver=s license, we overrule
the first and second points of error.

III.








The third point of error contends appellant=s right to privacy was
violated when he was required to sign a traffic citation promising to
appear.  However, appellant did not raise
this issue in the trial court. 
Therefore, it is not preserved for our review. Curry v. State,
910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (objection that a statute has been
applied unconstitutionally must be made at trial for such constitutional error
to be preserved for appellate review). 
Accordingly, the third point of error is overruled.

The judgment of the trial court is affirmed.

 

________________________

CHARLES
F. BAIRD  

Justice


 

 

Do not publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 27th day of June,
2002.











[1]
Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court
by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]  We interpret the attorney general=s
opinion as follows: If the applicant has a social security number, he is
required to provide it in order to obtain a license.  However, if the applicant does not
have a social security number, he may submit a sworn affidavit, under penalty
of perjury, along with his application stating he does not have a social
security number.