**Alva CURRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 71630.

Court of Criminal Appeals of Texas.

Nov. 22, 1995.

to the first two special issues, and a negative answer to the special issue regarding mitigation. The trial court assessed punishment at death. Appeal is automatic to this court pursuant to article 37.071 § 2(h) V.A.C.C.P. Appellant raises seventeen points of error.

## I. SUMMARY OF PERTINENT FACTS

On October 16, 1991, at 2:00 in the morning, appellant and his accomplice entered a convenience store, and immediately drew their guns. Appellant jumped over the counter and held his gun against the head of the store clerk. Although the clerk complied with the robbers' instructions, he was eventually shot in the temple by appellant, at close range. Thereafter, appellant and his accomplice shot the clerk four additional times, took a cash register drawer, and then shot out the glass door to escape.

The store's video camera recorded the robbery, including the distinctive clothing of the two robbers. A few weeks later, the police received information from a confidential informant, which lead to an arrest and search warrant. On November 8, 1991, appellant was arrested and his home was searched. In this search, the police found the clothing that was worn by the two men during the robbery, one of the guns that was used to shoot the clerk, and the cash register drawer that was missing from the convenience store. Eventually, appellant confessed to both the robbery and the murder.

J.W. Howeth, Austin, for appellant.

Robert Smith, Sally Swanson, Darla Davis, Assist. Dist. Attys., Austin, Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION*

OVERSTREET, Judge.

Appellant was indicted for the offense of capital murder pursuant to V.T.C.A.P.C. § 19.03(a)(2), alleging murder in the course of committing robbery alleged to have occurred on or about October 16, 1991 in Travis County. In a trial by jury, appellant was convicted as charged on October 29, 1992. The jury, pursuant to article 37.071, V.A.C.C.P., returned an affirmative answer

## II. VOIR DIRE

In point of error number fourteen, appellant contends that the trial court erred in refusing to allow appellant to videotape the voir dire proceedings. There is no statute or caselaw to support appellant's argument that the trial court was obligated to allow the videotaping of the court proceedings. This court has held that "the conduct of the voir dire examination rests largely within the sound discretion of the court." *Felder v. State,* 758 S.W.2d 760, 766 (Tex.Cr. App.1988). Consequently, refusing to allow the videotaping of the voir dire proceedings by appellant was not an abuse of discretion by the trial court. Appellant's point of error number fourteen is overruled.

In point of error number nine, appellant contends that the trial court erred in overruling appellant's challenge for cause to venire member Wilson based on Wilson's bias against the law regarding considerations of parole. Appellant claims that venire member Wilson was biased against the law regarding the inability to consider parole during jury deliberation. Initially, venire member Wilson did express concern about the parole law and the fact that there was no life without parole, but this was before he was informed that he could not consider parole. Once he understood that as a juror he would be required to follow the instructions of the judge, including the instruction to not consider parole, venire member Wilson stated, "I'll do my best. It's going to be difficult, I'll have to admit. But if this the law and as the State here—Mr. Smith—told me, if you can't consider it, you can't consider it. And if I'm selected for the jury, I won't consider it." In viewing this statement along with the rest of his answers during voir dire, it is clear that although venire member Wilson had strong feelings regarding parole, he stated he would follow the law and not consider parole. Appellant's point of error number nine is overruled.

In point of error number ten, appellant contends that the trial court erred in overruling appellant's challenge for cause to venire member Wilson based on Wilson's conclusion as to appellant's guilt. Venire member Wilson stated that "already some picture of guilt" had been created by the proceedings of the court.[1]

In order for a challenge for cause to be sustained under 35.16(a)(10) of the Texas Code of Criminal Procedure, the challenging party must show that the venire member has established in his mind a conclusion as to the guilt or innocence of the defendant and that this conclusion will influence his verdict. *Harris v. State*, 784 S.W.2d 5 (Tex.Cr.App. 1989), *cert. denied*, 494 U.S. 1090 (Tex.1990). In *Richardson v. State*, 744 S.W.2d 65, 68 (Tex.Cr.App.1987), this Court held that it

was error to excuse a venire member who had told the trial court that he had formed an opinion as to the guilt or innocence of the accused when the venire member had not been asked whether that opinion would influence his verdict. In order for error to be preserved under Art. 35.16(a)(10), there must be a showing that the venire member has stated that his conclusions on the defendant's guilt or innocence would indeed affect his decision during deliberation. In this case, appellant concedes that the defense attorney failed to question whether venire member Wilson's conclusion would in fact affect his verdict. Because there is no evidence adduced from the venire member that his conclusion would have affected his verdict, error was not preserved under Art. 35.16(a)(10). Appellant's point of error number ten is overruled.

In point of error number eleven, appellant contends that the trial court erred in overruling appellant's challenge for cause to venire member Gauthier based upon her inability to reconsider guilt evidence within the context of the special issues at punishment. Appellant bases his allegation on the fact that at one point during voir dire, this venire member stated that capital murderers should automatically be punished by death. The standard for review is whether the trial court abused its discretion when it overruled appellant's challenge for cause. In order to make this determination, we must examine the voir dire of the venire member as a whole, and decide whether the record shows that her convictions would interfere with her ability to serve as a juror and uphold her oath. *Johnson v. State*, 773 S.W.2d 322, 327–328 (Tex.Cr.App.1989).

It is clear from the record that initially, venire member Gauthier did state that defendants who are convicted of capital murder should be given the death penalty, but once questioned by defense counsel, she acknowledged that there are some instances where she would not automatically answer "yes" to the first special issue because the death pen-

---

1. We note that after examining venire member Wilson's entire voir dire, it is clear that he never states that *he* has a bias against the defendant or had formed a conclusion of guilt. He merely states that it appeared as if the judge and attorneys were giving the impression that guilt was not an issue.

alty would not be appropriate. Moreover, she answered affirmatively when directly asked if she could follow the law that compels the answers to the special issues to be "no" unless proven beyond a reasonable doubt by the State. Taken as a whole, the voir dire of venire member Gauthier established that she was indeed capable of following the instructions of the judge and her oath. Appellant's point of error number eleven is overruled.

■ In point of error number twelve, appellant contends that the trial court erred in overruling appellant's challenge for cause of venire member Middleton based on his inability to consider certain factors in mitigation of punishment. Appellant contends that this venire member was incapable of being a fair and impartial juror, and thus should have been excused for cause. Appellant points to the fact that venire member Middleton answered that he would not consider certain factors such as physical abuse, sexual abuse, or an economically deprived childhood as mitigating factors. When venire member Middleton was asked by the prosecutor whether or not he would consider evidence if in fact Mr. Middleton found such evidence to be mitigating, the venire member responded in the affirmative, and that he was capable of following the judge's instructions.

■ We have previously held that it is the sentencer who must decide what if any weight is given to "mitigating evidence". *Johnson*, 773 S.W.2d at 331 (Tex.Cr.App. 1989); *Cuevas v. State*, 742 S.W.2d 331, 346 (Tex.Cr.App.1987); *Cordova v. State*, 733 S.W.2d 175 (Tex.Cr.App.1987). In this case, counsel for the defense did not question whether the venire member would consider a defendant's history of abuse and deprived childhood, but rather whether he would consider these facts as mitigating in nature. The law requires only that evidence that is considered mitigating by appellant must be presented in such a way as to allow the jury to determine if appellant's moral blameworthiness should be decreased. Jurors are responsible for determining the weight such evidence has on their final decision. Taking the record as a whole, this venire member's responses only show that he did not consider the factors named as mitigating. In other words, in his mind, this evidence warranted no weight at all. There is sufficient evidence to demonstrate that venire member Middleton was capable of adhering to his oath as a juror, and the trial court did not err in overruling appellant's challenge for cause. Appellant's point of error number twelve is overruled.

■ In point of error number thirteen, appellant contends that the trial court erred in overruling appellant's challenge for cause of venire member Middleton based on his belief that murderers were more likely than not to kill again. Appellant asserts that venire member Middleton was biased against the defendant because he was of the opinion that the majority of people who committed murder would murder again. According to appellant, the statements of the venire member indicated that the venire member prematurely decided special issue one because he believes that there is a probability that appellant would commit criminal acts of violence in the future.

Once venire member Middleton's entire voir dire is examined, it is evident that this venire member's belief would not "prevent or substantially impair the performance of his duties as a juror in accordance with his instruction and oath." *Johnson v. State*, 773 S.W.2d 322, 327–328 (Tex.Cr.App.1989). Although Mr. Middleton stated that he believed that seventy-five percent of murderers would murder again, he also believed that it was the State's responsibility to prove to him that appellant fell within this seventy-five percent group. He made it clear that he comprehended that all of the evidence has to be taken into consideration and that the burden of proof was always on the State. Venire member Middleton stated that he understood that before he could answer Special Issue No. 1 "yes", the State would have to prove to him that appellant fell within his seventy-five percent category beyond a reasonable doubt. We find that the trial court did not abuse its discretion. Appellant's point of error number thirteen is overruled.

### III. GUILT/INNOCENCE

■ In point of error number fifteen, appellant contends that the trial court erred

in failing to grant a mistrial based upon the State's failure to disclose to appellant the fact that a third person had confessed to the instant capital murder. The trial court did in fact hold a hearing to determine if a mistrial would be proper, made written findings of fact and conclusions of law, and decided that the motion should be overruled.

According to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), it is the affirmative duty of the prosecutor to provide the defense with any and all material evidence that is favorable to the defense. Evidence that is withheld by a prosecutor is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The trial court found that the disclosure of this information would not have changed the outcome of the trial.

From the hearing on appellant's motion for mistrial, the evidence clearly showed that there was an oral confession given to the police by Bruce Bowser on October 21, 1991. Prosecutors in this case were not made aware of this third party confession until October 29, 1992, after the jury's guilty verdict had been rendered. Prosecutors informed both the court and defense attorneys of this statement later that same evening. The evidence established that Bowser's oral confession was given after two 6–8 hour sessions with the police, and that he recanted his statement within fifteen minutes. Furthermore, Bowser's admission was not inconsistent with appellant's guilt because the evidence showed that more than one person was involved in the murder. For example, during questioning, the police believed Bowser was the smaller of the two individuals, while the evidence proved that appellant was the larger of the two. Finally, Bowser also made a written statement accusing others of being responsible for this same murder. Prosecutors were aware of this statement, and made this information available to appellant before trial. Taking all of this information into consideration, the failure to disclose this admission to the defense is not sufficient to undermine confidence in the outcome of the trial court's proceedings. Appellant's point of error number fifteen is overruled.

In point of error number sixteen, appellant contends that the trial court erred in overruling appellant's motion to suppress his oral statements because said statements were obtained in violation of state law and were inadmissible under provisions of Article 38.23 of the Texas Code of Criminal Procedure. Article 38.23 provides that evidence that is acquired by a police officer or any other person in violation of a state law, or the Texas or U.S. Constitutions, may not be admitted at trial. Appellant contends that appellant's confession is inadmissible under Article 38.23 because the statements were obtained in violation of Article 15.17 of the Texas Code of Criminal Procedure. Article 15.17 of the Texas Code of Criminal Procedure provides, in pertinent part:

(a) In each case enumerated in this code, the person making the arrest shall without unnecessary delay take the person arrested or have him taken before some magistrate of the county where the accused was arrested ...

The record reflects that immediately after appellant was arrested, his rights were read to him, and he was then transported to the police station, where he voluntarily spoke to the officers and confessed on tape, to the murder. This confession was taken before appellant was taken before a magistrate. The State points out that appellant failed to preserve error on this point. In order to preserve error, the objection on appeal must be the same as the objection that was made at trial. *Wagner v. State,* 687 S.W.2d 303 (Tex.Cr.App.1984). The record indicates that at trial, appellant did in fact file a motion to suppress these oral statements, but only complained that the statements were taken in violation of article 38.22, § 3(a)(2) of the Code of Criminal Procedure and were the result of an illegal arrest which violates the Fifth and Fourteenth Amendments of the Constitution of the United States. There is no contention that appellant's oral statements were inadmissible because of a violation of article 15.17.

**496**

Even if the merits of this issue are addressed, appellant would still not prevail. This Court has previously held that a confession that was obtained prior to the accused being taken in front of a magistrate is admissible as long as his *Miranda* warnings had been read to him before the statement was taken. *Shadrick v. State*, 491 S.W.2d 681 (Tex.Cr.App.1973); *Boyd v. State*, 811 S.W.2d 105 (Tex.Cr.App.), *cert. denied*, 502 U.S. 971, 112 S.Ct. 448, 116 L.Ed.2d 466 (1991). In this case, appellant was twice given the statutory warnings before he gave his oral confession. Appellant's point of error number sixteen is overruled.

## IV. PUNISHMENT

■ In point of error number one, appellant contends that article 37.071 is unconstitutional on its face as it violates the Eighth and Fourteenth Amendments to the Constitution of the United States. Appellant argues that Article 37.071 is vague because the provisions grant the jury unfettered discretion in determining which circumstances are mitigating. It is clear that article 37.071 was patterned after the language in *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). In *Penry*, 492 U.S. at 326, 109 S.Ct. at 2951, the Supreme Court held that juries must be able to consider all mitigating evidence including the defendant's background and character, and the circumstances of the offense. This is exactly what Article 37.071 provides for. There is no definition of "mitigating evidence", but the statute does provide that jurors must be allowed to consider mitigating evidence, and that jurors need not agree on what evidence is mitigating. The Supreme Court has continuously held that the sentencer can not be refused or denied from considering any relevant evidence. *Hitchcock v. Dugger*, 481

U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987); *Skipper v. South Carolina*, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986) and *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Appellant's first point of error is overruled.

■ In points of error two and three, appellant contends that article 37.071 is unconstitutional as applied to appellant because of vagueness and uncertainty, thereby violating the Fourteenth Amendment to the Constitution of the United States, and the Due Course of law provisions of the Texas Constitution. Neither points of error two nor three were properly preserved for appellate review. There is no evidence in the record that appellant specifically objected at trial to the fact that the statute was vague and therefore violated the Fourteenth Amendment. It is equally clear from the record that appellant failed to specifically object that Article 37.071 violated the due course of law provisions of the Texas Constitution. Because no specific, timely objection was made, these points of error were not preserved for our review. *Garcia v. State*, 887 S.W.2d 846, 861 (Tex.Cr.App.1994).[2] Points of error two and three are overruled.

In point of error number four, appellant contends that Article 37.071 is unconstitutional under the provisions of article I §§ 10 and 19 of the Texas Constitution because it provides a method of inflicting the death penalty under circumstances where no one bears ultimate responsibility for sentencing individuals to die. Appellant asserts that the Texas capital murder sentencing scheme does not provide for jurors to take responsibility for their decisions to sentence defendants to death because the sentence is actually determined by the answering of the spe-

2. In *Garcia, supra*, appellant attacked the constitutionality of Article 37.071, V.A.C.C.P., as it applied to him. The State asserted, and appellant conceded that no objection was raised, nor any motion made, at trial concerning the constitutional operation of this statute as it pertained to appellant. We held that because Article 37.071 was not facially unconstitutional, nor was it "void ab initio", appellant was required to object at trial in order to preserve any error for purposes of appeal. Tex.R.Crim.Evid. 103(a)(1); *Ex parte Russell*, 738 S.W.2d 644, 647 (Tex.Cr.

App.1986). We further held that "even constitutional errors may be waived by the failure to object at trial". *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Cr.App.1990). We still further held that because the rights alleged to have been violated were recognized at the time of trial, appellant could not raise the points of error for the first time on appeal. See *Selvage v. Collins*, 816 S.W.2d 390, 392 (Tex.Cr.App.1991); see also *Jackson v. State*, 745 S.W.2d 4, 5 at n. 2 (Tex.Cr. App.1988), cert. denied, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988).

cial issues. According to appellant, this is counter to our "fundamental tenet" that holds individuals responsible for decisions that they make that influence other individual's rights, property or lives. No such objection was brought before the trial court, consequently, no error was preserved. Point of error number four is overruled.

In point of error number seventeen, appellant contends that the trial court erred in refusing to instruct the jury regarding evidence that could be both aggravating and mitigating in nature. In examining the instructions submitted by appellant in proposed instructions, appellant offers an incorrect explanation of the law. The proposed instruction provided in part:

> If you decide that an aspect of the defendant's character and record or the circumstances of the crime is a mitigating circumstance, you must not give it aggravating effect. . . .

This instruction would instruct the jury that evidence that may have been considered as both mitigating and aggravating evidence, may now only be treated as mitigating evidence. In *Penry,* the Supreme Court made it clear that juries had to be provided a vehicle in which they could consider mitigating evidence, but the court did not require that evidence be given only its mitigating effect as appellant's instruction would demand *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). Because appellant's proposed instruction was clearly a misstatement of the law, point of error number seventeen is overruled.

### V. PAROLE LAW

In points of error five and seven, appellant argues that Article 37.07 of the Texas Code of Criminal Procedure was unconstitutionally applied to him because it prohibited him from revealing to the jury the parole laws applicable to persons receiving a life sentence for capital murder, thereby depriving him equal protection of the law which is guaranteed under both the Fourteenth Amendment to the Constitution of the United States, and Article I § 3 of the Texas Constitution. Under Article 37.07 § 4 of the Texas Code of Criminal Procedure, a defendant who is convicted of a felony is permitted to instruct the jury regarding their parole eligibility. However, this provision specifically excludes capital cases, and there is no parallel provision applicable to capital cases in the Code of Criminal Procedure. Appellant maintains that this differential treatment between capital and non-capital defendants deprives him of equal protection of the law which is insured by both constitutions.

Similar contentions have been previously raised before this Court, and in *Knox v. State,* 744 S.W.2d 53 (Tex.Cr.App.1987) we held that it was not an equal protection violation to fail to provide a jury instruction that explained the parole law in capital cases. The Court added that the "sentencing structure and punishment scheme" in capital cases is particular to only capital cases and that the Texas death penalty statute is constitutional. *Id; Smith v. State,* 898 S.W.2d 838 (Tex.Cr. App.1995) (plurality opinion) (Overstreet, J., dissenting), *cert. denied,* —— U.S. ——, 116 S.Ct. 131, —— L.Ed.2d —— (1995). In this case, there was no equal protection violation, since appellant was treated as all capital defendants and was sentenced under a constitutionally valid death penalty statute. It is also important to note that appellant never argues that a violation of the Due Process Clause occurred by not informing the jury of the parole ineligibility. Appellant's fifth and seventh points of error are overruled.

In point of error number six, appellant contends that his death sentence is defective because he was prevented from revealing to the jury, as a matter of law, mitigating evidence concerning parole eligibility for those given life sentences upon conviction for capital murder, thereby violating the constitutional prohibition against cruel and unusual punishment contained in the Eighth and Fourteenth Amendments to the United States Constitution. Appellant failed to preserve error on this point of error because there was no objection urged at trial. The appellant never objected at trial concerning cruel and unusual punishment. *Rezac v. State,* 782 S.W.2d 869 (Tex.Cr.App.1990); *Garcia v. State,* 887 S.W.2d 846 (Tex.Cr.App. 1994). Furthermore, appellant failed to request to make a bill of exceptions as to the

questions that he would have asked if he had been allowed. Point of error number six is overruled.

■ In point of error number eight, appellant contends that the trial court erred in refusing to instruct the jury pertaining to parole laws applicable to those persons convicted of capital murder. This court recently maintained its position regarding the informing of juries of the parole law in *Smith v. State,* 898 S.W.2d 838 (Tex.Cr.App.1995) (plurality opinion) (Overstreet, J., dissenting), *cert. denied,* —— U.S. ——, 116 S.Ct. 131, 133 L.Ed.2d 80 (1995). In that opinion, we reiterated that parole is not a proper matter for the jury to consider in capital cases, and that error is not committed by the trial court when parole information is prohibited from being introduced to a jury. *Id.; Jones v. State,* 843 S.W.2d 487, 495 (Tex.Cr. App.1992); *Ellason v. State,* 815 S.W.2d 656, 665 (Tex.Cr.App.1991). Appellant's eighth point of error is overruled.

Having reviewed all of appellant's points of error, we affirm the trial court's judgment.

CLINTON, J., concurs in the result.

BAIRD, Judge, concurs.

I would reach the merits of appellant's second and third points of error and overrule them on the basis of *Green v. State,* 912 S.W.2d 189 (Tex.Cr.App.1995) (Baird and Overstreet, JJ., concurring). Because the majority does not, I concur in the disposition of points of error two and three, and join the remainder of the opinion.