NO. 07-01-0402-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 22, 2002



______________________________




ARTHUR CARSON, APPELLANT



V.



DAVID WALKER, ET AL., APPELLEES




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 086799-00-D; HONORABLE STEVEN EMMERT, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pending before the court is Appellant's Request for Copy of Trial Records
Alternatively Request for New Hearing in Trial Court which has been filed by appellant
Arthur Carson. By the Request, Carson seeks a copy of the reporter's record "made June
28, 2001." In the alternative, this court is requested to order "a new Hearing [sic] before
the Trial Court." 

 Carson's Request does not identify a proceeding of June 28, 2001, for which a
reporter's record is requested; nor does he specify the basis for requesting a "new
Hearing." The appellate clerk's record does not contain a reporter's record for a hearing
of June 28, 2001. Nor does the trial court clerk's record reflect a hearing held on such
date. Carson's request for a copy of the reporter's record made June 28, 2001, is denied. 

 Carson's Request does not specify the basis on which he seeks a "new Hearing,"
nor any error by the trial court which would allegedly warrant such an order from this court. 
See Tex. R. App. P. 10.1(a). 

 The Request is in all things denied. 


 Per Curiam



Do not publish.




 
 
 
 
 
 
 









NOS. 07-08-0497-CR,
07-08-0498-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

FEBRUARY 9, 2010

 

__________________________

 

PEDRO CERVANTEZ,
APPELLANT

 

V.

 

THE STATE OF TEXAS,
APPELLEE

___________________________

 

FROM THE 222ND
DISTRICT COURT OF DEAF SMITH COUNTY;

 

NOS. CR-88J-120, CR-88J-121; HONORABLE H. BRYAN POFF, JR.

_____________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

On
March 7, 1989, appellant, Pedro Cervantez, pleaded no
contest to two counts of aggravated assault with a deadly weapon.[1]  As a result of a plea bargain, appellant was
placed on community supervision probation for a period of 10 years on each
case.  Subsequently, in 1993, appellants
probation was modified.  Thereafter, on
October 24, 1994, the State filed an application to revoke appellants
probation.  However, appellant was not
arrested on the capias issued in each case until
August 8, 2008.  On November 26, 2008,
the trial court found that the allegations contained in each of the respective  applications
to revoke probation were true. 
Appellants probation was revoked and he was sentenced to two years
confinement in the Institutional Division of the Texas Department of Criminal
Justice (ID-TDCJ).  Appellant appeals the
judgment of the trial court contending that the trial courts action in
revoking his probation was unconstitutional. 
Disagreeing with appellant, we affirm.

Factual
and Procedural Background 

 

            After appellant was placed on
community supervision probation in 1989, his probation was modified in
1993.  The modification was a result of a
motion to revoke appellants probation that resulted in an agreed
modification.  Thereafter, on October 24,
1994, the State filed a second motion to revoke each of appellants
probations.  The State alleged that
appellant 1) had failed to report for specified months, 2) failed to make his
monthly payments, and 3) failed to report to the Hockley County Probation
Department as required by the terms of his probation.  A capias was issued
in each case on October 24, 1994. 
However, the capias was not served on
appellant until August 8, 2008.  

            A hearing on the States
application to revoke, in each case, was held on November 26, 2008.  Appellant entered a plea of not true to the
allegations contained in the States motions to revoke.  The State presented evidence about the
failure of appellant to report, failure to pay the
fees, and the failure to report to the Hockley County Probation Department during
the period appellant lived in Hockley County. 
The State also presented evidence about the steps they had taken to
attempt to serve the arrest warrants on appellant following the filing of the
motions to revoke.  After the State
rested its case, appellant presented evidence that he had not fled the
jurisdiction of the court and, in fact, had resided for a number of years at
the address reflected in one of his probation reports.  During arguments about how the court should
rule on the motions to revoke, appellants counsel argued that the State had
not exercised due diligence in attempting to apprehend appellant.  However, the trial court ruled that the State
had exercised due diligence in attempting to apprehend appellant and found the
allegations contained in the States motions to revoke true.  The trial court revoked appellants
probations in each case and sentenced appellant to serve two years confinement
in the ID-TDCJ.  

            Appellant appeals the
trial courts decision to revoke alleging that the State is constitutionally
barred from impairing the contractual obligation existing between appellant and
the State and that the State had to use due diligence in apprehending appellant
following the issuance of a capias.  We disagree with appellants contention and,
therefore, affirm the judgment of revocation.

Constitutional
Challenge 

 

            Appellant contends that, at the time he entered his plea, the
State, having filed the motions to revoke, was bound to prove they used due
diligence in serving him with the arrest warrants.  Consequently, appellant contends that this
obligation became part of his contract with the State in connection with the
entry of his plea that led to him being placed on community supervision probation.  By legislation, the due diligence requirement[2]
that existed at the time of the entry of appellants plea has been replaced
with an affirmative defense,[3]
which necessarily alters the contractual obligation existing between appellant
and the State.  As such, it appears to
the Court that appellant is complaining about the constitutionality of the
statute as it was applied to him, rather than that the statute is
unconstitutional on its face.

            Construing appellants
contention to be that he is presenting a case of constitutional infirmity based
on how the statute is being applied to him, we will apply the following
standard of review.  A claim challenging
the constitutionality of a statutes application cannot be raised for the first
time on appeal.  See Curry v.
State, 910 S.W.2d 490, 496 (Tex.Crim.App.
1995).  Therefore, we must examine the
record to determine if appellant has properly preserved this issue for
appeal.  See Tex. R. App. P. 33.1.  Our review of the record reveals that the
only objection made by appellant at the time of his hearing on the States
motions to revoke was that the State had failed to demonstrate the exercise of
due diligence in serving the warrants for appellants arrest.  This objection or statement in no way
apprises the trial court that appellant is contending that the statute is being
applied to him in an unconstitutional manner. 
To preserve this issue for appeal, all counsel had to do is let the
trial judge know what he wants, why he thinks he is entitled to it, and to do
so clearly enough for the judge to understand him at a time when the judge is
in the proper position to do something about it.  Pena v. State, 285
S.W.3d 459, 464 (Tex.Crim.App. 2009).  As appellant did not object, there is nothing
preserved for appeal and there is nothing presented for our review.  See Starks v. State, 252 S.W.3d 704, 707 (Tex.App.--Amarillo
2008, no pet.).  Accordingly, appellants
sole issue is overruled.

Conclusion

 

            Having overruled
appellants only issue, the judgments of the trial court are affirmed.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

 Do not publish.  

 

            

            

 











[1] See Tex.
Penal Code Ann. § 22.02(2)
(Vernon Supp. 2009).





[2] See Peacock v. State,  77 S.W.3d 285, 287-88 (Tex.Crim.App. 2002).

 





[3] See Tex.
Crim. Proc. Code Ann. art.
42.12, § 24 (Vernon Supp. 2008).