Opinion issued July 10, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00719-CR




JOSEPH BENJAMIN ROTELLA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 905469




MEMORANDUM OPINION

          A jury convicted Joseph Benjamin Rotella, appellant, of assault of a household
member, and, after finding an enhancement paragraph to be true, assessed punishment
at eight years’ confinement. 
          In two points of error, appellant argues that (1) the trial court erred in admitting
into evidence statements that he was on his way to “Crackville,” and was “coming
down” off of cocaine; and (2) Texas Penal Code section 22.01(b)(2), as it applies to
him, is unconstitutional. Tex. Pen. Code Ann. § 22.01(b)(2) (Vernon 2003).
          We affirm.
Facts
          On November 4, 2001, as Chris Cheeves was waiting at an intersection in her
car, she saw appellant, who was in a truck in front of her, punching a woman that was
in the passenger seat. The passenger door of the truck then opened, and the woman,
later identified as Evelyn Collins, fell out of the truck. Cheeves testified that
appellant punched Collins at least half a dozen times and that Collins was hysterical
after she fell out of the truck. Collins began to yell to Cheeves to call the police, and,
as Collins continued to yell for help, appellant threw Collins’s purse out of the
driver’s side window. Collins approached Cheeves’s window, still asking for help,
and appellant, who had a car in front of him at the intersection, put his truck in
reverse and backed up until his truck struck Cheeves’s car. 
          After hitting Cheeves’s car, appellant got out of the truck and started tapping
on Cheeves’s driver’s side window. Cheeves’s husband, who was in the passenger
side the car, called the police when appellant approached the car. While the call to the
police was being made, appellant drove away, leaving Collins at the scene.
          At a pretrial hearing, appellant objected to the admission of an audiotape
recording of the 9-1-1 call that was made to the police on grounds of hearsay and
unfair prejudice. Appellant argued that the recording was objectionable because of
Collins’s statement on the recording that appellant was on his way to “Crackville,”
and that appellant was “coming down” off cocaine. The trial court excluded the
portion of the audiotape where Collins is recorded as saying that appellant was
“coming down” off cocaine, but the remainder was declared admissible.
Admissibility of Evidence
          In his first point of error, appellant argues that the trial court erred in admitting,
over objection, statements by witnesses indicating that appellant was on his way to
“Crackville,” or was “coming down” off of cocaine, because the statements were
unfairly prejudicial in violation of rule 403. Tex. R. Evid. 403. 
          Rule 403 provides that, “although relevant, evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice . . . .” 
Tex. R. Evid. 403. Generally, to preserve error for appeal, a party must make an
objection in the trial court. Tex. R. App. P. 33.1(a). When a court has overruled an
objection to the admission of evidence, and that same evidence is later admitted
without objection, the right to complain about the admission of the evidence on
appeal will be waived. Leday v. State, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998). 
Even if the trial court overrules an objection to the admissibility of evidence, the
objecting party must, “on pain of waiver,” continue to object to the evidence
whenever it is offered. Id. at 718. Waiver will occur if the same evidence comes in
either before or after the complained-of-ruling, and the rule applies “whether the other
evidence was introduced by the defendant or by the State.” Id. 
          In this case, after the State played the audiotape recording, the following
dialogue took place during the State’s questioning of Cheeves:
State: Is that your voice talking to the operator?
 
          Cheeves:      Yes it is.
 
          State:           And we can hear another voice in the background. Is that Evelyn
Collins?
 
          Cheeves:      Yes it is.
 
          State:           And she told you on the tape that [appellant] was on his way to
Crackville?
 
          Cheeves:      Yes.

          Later on in the trial, during the State’s questioning of Collins, the following
exchange took place:
State: Then you said that he must be going to Crackville.
 
          Collins:        Yes, ma’am, I did.
 
          State:           Did he spend a lot of time there?
 
          Collins:        Not a lot of time, no, ma’am. That’s just where one of his friends
live [sic].
 
          State:           Does his friend sell crack?
 
          Collins:        No ma’am, not to my knowledge.
 
          State:           Do they use or abuse crack?
 
          Collins:        No, ma’am, not to my knowledge.
 
          State:           Have they ever?
 
          Collins:        No, ma’am, not to my knowledge. 
          After questioning Collins on the above matters, there was a bench hearing, and,
over appellant’s objection at the bench hearing, the trial court allowed the State to
elicit testimony from Collins as to whether she had said on the day of the offense that
appellant was “coming down” off of cocaine 
          While appellant did object at the bench hearing to the State’s attempt to elicit
testimony from Collins about her previous statement that appellant was “coming
down” off of cocaine, appellant did not object to either of the above two quoted
exchanges in which the State elicited testimony as to whether appellant was going to
“Crackville,” testimony as to whether Collins made a statement on the day of the
offense that appellant was on his way to “Crackville,” and testimony as to whether
appellant had ever used cocaine. Accordingly, because appellant failed to object at
trial each time the State elicited testimony concerning appellant’s travels to
“Crackville” or his cocaine use, he has waived his right to complain on appeal about
the admission of those matters into evidence. See Leday, 983 S.W.2d at 719. 
 
Constitutionality of Penal Code Punishment Enhancement Provision
          In his second point of error, appellant argues that the punishment enhancement
provision in Texas Penal Code section 22.01(b)(2) is unconstitutional because, as
applied to appellant, it violated the cruel and unusual punishment provisions of the
Eighth Amendment to the United States Constitution, as well as the parallel provision
in Article I, Section 13 of the Texas Constitution. See Tex. Pen. Code Ann. §
22.01(b)(2) (Vernon 2003).
          When challenging the constitutionality of a statute as applied, the defendant
must object at trial in order to preserve any error. Curry v. State, 910 S.W.2d 490,
496 (Tex. Crim. App. 1995). Appellant did not object at trial to the constitutionality
of section 22.01(b)(2), and, accordingly, he has not preserved error on the issue.
          We overrule point of error two.
Conclusion
          We affirm the trial court’s judgment. 
          
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.

Do not publish. Tex. R. App. P. 47.2(b).