Opinion Issued October 30, 2003















     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00941-CR




PAUL EDWARD ARCHIE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 262650






MEMORANDUM OPINION

          Appellant, Paul Edward Archie, challenges the trial court’s order denying his
motion for post-conviction DNA testing. In his sole point of error, appellant argues
that Texas Code of Criminal Procedure article 64.03(a)(2)(A), as applied to him,
violates his Fourteenth Amendment right to due process of law. We conclude that
appellant failed to preserve error, thus waiving his point of error. We affirm. 

Background

          Appellant was convicted in 1978 of aggravated rape and assault, and was
sentenced to 25 years’ confinement. In 1981, the Court of Criminal Appeals affirmed
appellant’s conviction. In 2002, appellant filed a motion for post-conviction DNA
testing pursuant to chapter 64 of the Texas Code of Criminal Procedure. The trial
court denied the motion, finding that appellant had failed to comply with article
64.03. Appellant filed a proper notice of appeal challenging the trial court’s denial
of his DNA testing motion. Appellant claims that article 64.03(a)(2)(A), which
requires the convicted person to establish a reasonable probability that he would not
have been prosecuted or convicted if exculpatory results had been obtained through
DNA testing, is unconstitutional as applied to him. In particular, appellant contends
that the burden of proof placed on him by article 64.03(a)(2)(A) denies him due
process of law because the burden of the statute, as interpreted by the Court of
Criminal Appeals in Kutzner v. State, is more onerous than the language of the statute
itself.


 75 S.W.3d 427 (Tex. Crim. App. 2002). 
 
Preservation of Error

          As a threshold matter, we must first address the State’s contention that
appellant waived error. As a general rule, trial counsel must object or otherwise
preserve error,


 even if the error is “incurable” or “constitutional.” Cockrell v. State,
933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Without proper preservation, even
constitutional error may be waived. See Wright v. State, 28 S.W.3d 526, 536 (Tex.
Crim. App. 2000). To preserve for appellate review an attack on the constitutionality
of a statute as applied to him, an appellant must have first raised the issue in the trial
court.


 Tex. R. App. P. 33.1 (a)(1); Curry v. State, 910 S.W.2d 490, 496 (Tex. Crim.
App. 1995). 
          Here, appellant is challenging the constitutionality of article 64.03(a)(2)(A) as
applied to him.


 Therefore, appellant was required to preserve error at trial. 
Appellant failed to meet this burden. The record fails to demonstrate that appellant
raised the issue in the trial court. Accordingly, we conclude that he has waived the
issue of whether the statute is unconstitutional as applied to him. 
          To the extent appellant’s point of error can be read to raise a facial validity
challenge, we conclude it is inadequately briefed; appellant has failed to develop his
argument or support it with appropriate authority.


 See Wood v. State,18 S.W.3d 642,
650 (Tex. Crim. App. 2000). 

Conclusion

          We affirm the judgment of the trial court. 
 



                                                             Evelyn V. Keyes
                                                             Justice


Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.4.