NUMBER 13-03-564-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
FRANKLIN DELANO CHISHOLM,                                               Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 24th District Court
of Calhoun County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Chief Justice Valdez
         After a jury trial, appellant, Franklin Delano Chisholm, was convicted of
aggravated assault with a deadly weapon. The jury assessed punishment at seventeen
years in prison and a $5,000 fine. On appeal, appellant contends his sentence is cruel
and unusual punishment. We affirm. 
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
         Appellant contends his sentence constitutes cruel and unusual punishment under
both the United States Constitution and the Texas Constitution. See U.S. Const.
amend. VIII; Tex. Const. art. I, § 13. To preserve a complaint of cruel and unusual
punishment under either the United States Constitution or the Texas Constitution for
appellate review, appellant must present to the court a timely request, objection, or
motion stating the specific grounds for the ruling desired. Tex. R. App. P.
33.1(a)(1)(A); see Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996);
Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995). Failure to do so
forfeits our review of the issue. Rhoades, 934 S.W.2d at 120 (finding issue
challenging sentence under state constitution’s protection against cruel and unusual
punishment was forfeited where appellant failed to object in trial court); Curry, 910
S.W.2d at 497 (finding appellant failed to preserve challenge to his sentence under
federal constitution’s protection against cruel and unusual punishment where he did
not object in trial court). 
         Appellant never objected to his sentence in the trial court. The trial court asked
appellant whether “there [was] any reason why the Court should not receive the
verdict of the jury?” Appellant responded, “No.” The trial court then asked appellant,
“do you have anything to say why sentence should not be imposed at this time?” 
Appellant again responded, “No.” 
         Appellant did not object to his sentence on the ground of cruel and unusual
punishment despite being given the opportunity to do so. In failing to raise the issue
in the trial court, appellant forfeited our review of the alleged error. Accordingly, we
overrule appellant’s sole issue.
         The judgment of the trial court is affirmed.
     
   
                                                                                                                       
                                                     Rogelio Valdez,
                                                  Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed
this 27th day of August, 2004