NO. 07-09-0025-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 11, 2009

______________________________


BRIAN GARZA,


 APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 426TH DISTRICT COURT OF BELL COUNTY;

NO. 63,030; HONORABLE FANCY H. JEZEK, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
Â Â Â Â Â Â Â Â Â Â Following a plea of not guilty, Appellant, Brian Garza, was convicted by a jury of
evading arrest with a motor vehicle, with an affirmative finding on use of a deadly weapon. 
Punishment was assessed at seventeen years confinement. The clerkâs record was filed
on January 23, 2009.


 Upon reviewing the clerkâs record, it came to this Courtâs attention
that the Trial Courtâs Certification of Defendantâs Right of Appeal, appearing at page 72 of
the Clerkâs Record, is not signed by Appellant as required by Rule 25.2(d) of the Texas
Rules of Appellate Procedure.
Â Â Â Â Â Â Â Â Â Â Consequently, we abate this appeal and remand this cause to the trial court for further
proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure
a properly signed Trial Courtâs Certification of Defendantâs Right of Appeal in compliance with
Rule 25.2(d). Once properly completed and executed, the certification shall be included in
a supplemental clerkâs record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause
this supplemental clerk's record to be filed with the Clerk of this Court by March 30, 2009.
This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of
Appellate Procedure, of the defective certification. If a supplemental clerkâs record
containing a proper certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
Â Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



e="Medium Shading 2 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0283-CR

Â 

IN THE
COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL B

Â 

JANUARY 31, 2011

_____________________________

Â 

Â 

TERESO ALMAGUER A/K/A TERESO ALMAGUER-JUAREZ,  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant


v.

Â 

THE STATE OF TEXAS,Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

_____________________________

Â 

FROM THE 355TH DISTRICT COURT
OF HOOD COUNTY;

Â 

NO. CR11345; HONORABLE RALPH
H. WALTON JR., PRESIDING

_____________________________

Â 

Memorandum Opinion

_____________________________

Â 

Â 

Before QUINN, C.J.,
and CAMPBELL and HANCOCK, JJ.

Â Â Â Â Â Â Â Â Â Â Â  Appellant Tereso
Almaguer was convicted of continuous sexual abuse of his stepdaughter and his
stepniece.Â  On appeal, he argues that
Â§21.02 of the Penal Code is unconstitutional because it allows for a conviction
upon less than a unanimous verdict.Â  We
affirm the judgment. 

Â Â Â Â Â Â Â Â Â Â Â  The
subject statute provides that an offense is committed if, during a period of thirty or more days, a person
commits two or more acts of sexual abuse against a child regardless of whether
they are committed against one or more victims.Â 
Tex. Penal Code Ann. Â§21.02(b) (VernonÂ 
Supp. 2010).Â  A jury is not
required to agree unanimously on which specific acts of sexual abuse were
committed by the defendant or the exact date when those acts were
committed.Â Â  Id. Â§21.02(d).Â Â 
It must only agree that during a period of thirty or more days, the defendant
committed two or more acts of sexual abuse.Â 
Id.[1]Â Â  Â 

Â Â Â Â Â Â Â Â Â Â Â  Appellant
did not bring the alleged unconstitutionality of the statute to the trial
courtÂs
attention.Â  Challenges to the
constitutionality of a statute may not be raised for the first time on
appeal.Â  Karenev v. State, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (stating
that a facial challenge may not be raised for the first time on appeal); Curry v. State, 910 S.W.2d 490, 496Â  (Tex. Crim. App. 1995) (stating that an Âas
appliedÂ challenge may not be raised for the first time on appeal).Â  

However, appellant argues that
fundamental error is involved.Â 
Fundamental error, which may be raised for the first time on appeal, is
a violation of rights that are waivable only or a denial of absolute systemic requirements.Â  Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).Â  Waivable rights include errors regarding
theÂ  assistance of counsel, trial by
jury, and the right of appointed counsel to have ten days trial
preparation.Â  Saldano v. State, 70 S.W.3d 873, 888-89 (Tex. Crim.
App. 2002).Â  Systemic requirements
include errors regarding jurisdiction of the person, subject matter
jurisdiction, a penal statuteÂs compliance with the separation of powers clause
of the state constitution, the constitutional prohibition against ex post facto
laws, the constitutional requirement that the district court conduct
proceedings at the county seat, and constitutional restraints on the comments
of a judge.Â  Id.
at
888-89.Â  Appellant cites no authority for
his proposition that the provisions of this statute violate a waivable only
right or deny an absolute systemic requirement, and we know ofÂ 
none.Â  See Williams v. State, 305 S.W.3d 886, 893 n.11 (Tex.
App.ÂTexarkana 2010, no pet.) (stating the court was unconvinced that the
challenged provision of Â§21.02 of the Penal Code violates a fundamental
right).Â  

Accordingly, there is nothing for us
to address, and we affirm the judgment. 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Brian
Quinn 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Do
not publish.Â Â Â Â Â Â  











[1]The
Texas Constitution requires jury verdicts in felony cases to be unanimous.Â  Tex. Const. art.
V, Â§13; Stuhler
v. State, 218 S.W.3d 706, 716 (Tex. Crim. App. (2007).Â  Moreover, federal constitutional due process
limits the statesÂ ability to define a crime so as to dispense with jury
unanimity.Â  Jefferson v. State, 189
S.W.3d 305, 312 (Tex. Crim. App. 2006), quoting
State v. Johnson, 627 N.W.2d 455, 459-60 (Wis. 2001).Â