COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| BENNY FRANK DELANEY, | | No. 08-10-00011-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 252nd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Jefferson County, Texas |
| | § | |
| Appellee. | | (TC # 07-01962) |
| | § | |

**O P I N I O N**

Benny Frank Delaney appeals his conviction of felony theft.  He complains that his two year

sentence constitutes cruel and unusual punishment under both the Eighth Amendment of the United

States Constitution and Article I, section 13 of the Texas Constitution.  For the following reasons,

we affirm.

**FACTUAL SUMMARY**

Appellant entered a plea of guilty to the offense of felony theft on May 7, 2008.  The trial

court deferred his adjudication of guilt, and placed him on community supervision for two years.

The State subsequently filed a motion to adjudicate, alleging Appellant violated several conditions

of community supervision.  The motion alleged that Appellant failed to report by mail to the

probation department for the months of May, June, August, and September of 2009, failed to work

faithfully at employment; failed to perform community service hours, and owed $757 in restitution.

At the revocation hearing, Appellant pled true to the allegations that he failed to report to the

probation department and that he failed to pay court-assessed fees.  The trial court found the

evidence sufficient to prove Appellant had violated the conditions as alleged in the motion.  The

court granted the State's motion, adjudicated Appellant's guilt, and assessed his punishment at confinement in the state jail for a term of two years. This appeal follows.

## PRESERVATION OF ERROR

In Points of Review One and Two, Appellant contends that his sentence of two years' imprisonment is grossly disproportionate to the offense in violation of the Eighth Amendment of the United States Constitution and Article I, section13 of the Texas Constitution. The State responds that Appellant waived both issues for appellate review. We agree.

To preserve error for appellate review, the record must show Appellant made a timely request, objection, or motion. *See* TEX.R.APP.P. 33.1(a)(1). Even constitutional rights, such as the right to be free from cruel and unusual punishment, may be waived. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Curry v. State*, 910 S.W.2d 490, 498 (Tex.Crim.App. 1995).

Appellant asserts that he raised the sentencing issue in a post-verdict motion filed with the trial court on November 16, 2009, and he directs our attention to a portion of the clerk's record. But the record does not contain either a motion raising this issue or an adverse ruling by the trial court. We note that the trial court conducted the hearing on the State's motion to adjudicate on November 30, 2009 and pronounced sentence on that same date. Further, the docket sheet does not reflect that the court ruled on any post-sentencing motions. Finding that Appellant has not preserved his issues for review, we overrule Issues One and Two and affirm the judgment of the trial court.


July 6, 2011                                    _____
                                               ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)