COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





BENNY FRANK DELANEY,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-10-00011-CR

Appeal from
 252nd District Court

of Jefferson County, Texas

(TC # 07-01962)



 

 

 




O P I N I O N

            Benny Frank Delaney appeals his conviction of felony theft. He complains that his two year
sentence constitutes cruel and unusual punishment under both the Eighth Amendment of the United
States Constitution and Article I, section 13 of the Texas Constitution. For the following reasons,
we affirm. 
FACTUAL SUMMARY
            Appellant entered a plea of guilty to the offense of felony theft on May 7, 2008. The trial
court deferred his adjudication of guilt, and placed him on community supervision for two years. 
The State subsequently filed a motion to adjudicate, alleging Appellant violated several conditions
of community supervision. The motion alleged that Appellant failed to report by mail to the
probation department for the months of May, June, August, and September of 2009, failed to work
faithfully at employment; failed to perform community service hours, and owed $757 in restitution. 
            At the revocation hearing, Appellant pled true to the allegations that he failed to report to the
probation department and that he failed to pay court-assessed fees. The trial court found the
evidence sufficient to prove Appellant had violated the conditions as alleged in the motion. The
court granted the State’s motion, adjudicated Appellant’s guilt, and assessed his punishment at
confinement in the state jail for a term of two years. This appeal follows. 
PRESERVATION OF ERROR
            In Points of Review One and Two, Appellant contends that his sentence of two years’
imprisonment is grossly disproportionate to the offense in violation of the Eighth Amendment of the
United States Constitution and Article I, section13 of the Texas Constitution. The State responds
that Appellant waived both issues for appellate review. We agree.
            To preserve error for appellate review, the record must show Appellant made a timely
request, objection, or motion. See Tex.R.App.P. 33.1(a)(1). Even constitutional rights, such as the
right to be free from cruel and unusual punishment, may be waived. See Rhoades v. State, 934
S.W.2d 113, 120 (Tex.Crim.App. 1996); Curry v. State, 910 S.W.2d 490, 498 (Tex.Crim.App.
1995).
            Appellant asserts that he raised the sentencing issue in a post-verdict motion filed with the
trial court on November 16, 2009, and he directs our attention to a portion of the clerk’s record. But
the record does not contain either a motion raising this issue or an adverse ruling by the trial court. 
We note that the trial court conducted the hearing on the State’s motion to adjudicate on November
30, 2009 and pronounced sentence on that same date. Further, the docket sheet does not reflect that
the court ruled on any post-sentencing motions. Finding that Appellant has not preserved his issues
for review, we overrule Issues One and Two and affirm the judgment of the trial court. 
 
July 6, 2011                                                                 
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)