COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| RANDALL KERMIT GODWIN, | § | No. 08-12-00054-CR |
| Appellant, | § | Appeal from the |
| v. | § | 213th District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 0819035D) |
| | § | |

## O P I N I O N

Appellant, Randall Kermit Godwin, appeals the trial court's revocation of his community supervision.[1]   We affirm.

## BACKGROUND

In August 2003, in accordance with a jury's verdicts on guilt and punishment, the trial court entered judgment adjudicating Appellant guilty of indecency with a child by contact and assessed punishment at ten years' confinement in the Texas Department of Criminal Justice-Institutional Division, probated for a period of ten years.   Among the conditions of

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

Appellant's community supervision was a requirement that he perform 20 hours of community service per month for a total of 240 hours, to commence when the community service department referred Appellant to an appropriate program.

In 2011, the State filed a motion seeking the revocation of Appellant's community supervision. Evidence presented at the revocation hearing showed that Appellant was first referred to a service center in January 2005, and was to report the following month. By 2011, Appellant had completed 76.25 hours of community supervision. Appellant testified that due to the nature of the offense for which he was convicted, limited community-service opportunities exist for a variety of reasons, including restrictions relating to proximity to children and areas where they congregate such as parks. Ultimately, Appellant admitted that he had not completed the community-service condition because he decided not to do so. After hearing evidence on the motion, the trial court found the allegations in the State's motion were true, revoked Appellant's community supervision, and sentenced Appellant to four years' confinement in the Texas Department of Criminal Justice-Institutional Division.

**DISCUSSION**

In a single issue, Appellant on appeal contends that Article 42.12, Section 23 of the Texas Code of Criminal Procedure, the statute granting a trial court discretion to revoke community supervision, is unconstitutional as applied to him. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23 (West 2006). In the trial court, Appellant failed to challenge the constitutionality of the complained-of statute as applied to him, and we agree with the State that he may not do so for the first time on appeal. *See* TEX. R. APP. P. 33.1 (to preserve an issue for appellate review, an appellant must first raise the issue in the trial court); *Curry v. State*, 910 S.W.2d 490, 496

(Tex.Crim.App. 1995); *Shaffer v. State*, 184 S.W.3d 353, 362 (Tex. App. — Fort Worth 2006, pet. ref'd). Issue One is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

December 18, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)