

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00030-CR
No. 02-19-00031-CR

———————————————————

MUSTAFA ABDULLAHI BUSSURI, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court Nos. 1503216D, 1503209D

Before Sudderth, C.J.; Gabriel and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In two points, Appellant Mustafa Abdullahi Bussuri appeals his convictions and concurrent three-year sentences for one count of tampering with evidence and two counts of harassment by a person in a correctional facility. *See* Tex. Penal Code Ann. §§ 22.11, 37.09. We overrule both points and affirm the trial court's judgment.

**Background**

In the early morning hours of June 23, 2017, Officer Brian Dunn and another officer responded to a 9-1-1 call from a Valero gas station, where a man claimed that Appellant had broken into the man's vehicle and stolen two cell phones. Appellant appeared to be intoxicated, and one cell phone was quickly found in Appellant's possession and handed to the other officer. The second cell phone was still on Appellant's person when he was detained and seated in the back of Officer Dunn's patrol car. Appellant threw the cell phone out of the open back window of the patrol car, but the officers recovered it.

Appellant was arrested, and Officer Dunn transported him to the jail. Appellant became agitated on the drive to the jail and began to threaten to spit on Officer Dunn. Once at the jail, Appellant made good on his threat. After Officer Dunn escorted Appellant to a holding cell, Appellant spit on Officer Dunn as he was leaving.

Appellant was charged with tampering with evidence and two counts of harassment by a person in a correctional facility. He pleaded guilty and waived his

right to a jury in the punishment phase. The trial court sentenced him to three years' imprisonment on each of the convictions.

## Discussion

### I. Leading question

In his first issue, Appellant argues that the trial court erred by overruling his objection to leading by the prosecutor during Officer Dunn's testimony in the punishment phase. After Officer Dunn explained how another officer had witnessed Appellant throwing a cell phone out of the open back window of Officer Dunn's patrol car, the following exchange took place:

> Q. . . . So you located two stolen cell phones on [Appellant's] property or on his person?
>
> A. Yes.
>
> Q. Well, what happened to one of the cell phones?
>
> A. One of them was given to one of the first responding officers. The second cell phone was still on his person when he was seated, initially, in the back of my patrol vehicle while being legally detained.
>
> Another officer that was on scene that I was speaking with reported to me that he witnessed the [Appellant] throw an item out of the back open window of the patrol car.
>
> I went to the other side of the car where that item had landed and found that it was also a cell phone. I then called the number that the victim gave me for one of the stolen cell phones. That particular phone that I picked up off the ground began to ring, and it showed the phone number I was calling from as the - - on the caller ID.
>
> Q. So the [Appellant] tried to get rid of the evidence and threw it out the back of the police car?

3

> [Appellant's counsel]:  **Objection, leading.**
>
> THE COURT:  Overruled.
>
> Q. You can answer.
>
> A. Yes, that's my belief.  [Emphasis added.]

A leading question is one that suggests the desired answer, instructs the witness how to answer, or puts words into the witness's mouth to be echoed back.  *Wheeler v. State*, 433 S.W.3d 650, 655 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *see also* Tex. R. Evid. 611(c).  We review the trial court's allowance of a leading question for an abuse of discretion.  *Wyatt v. State*, 23 S.W.3d 18, 28 (Tex. Crim. App. 2000).  The trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably.  *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019).  With regard to leading questions, abuse of discretion cannot be shown "unless [the appellant] can show that he was unduly prejudiced by virtue of such questions."  *Wyatt*, 23 S.W.3d at 28 (quoting *Hernandez v. State*, 643 S.W.2d 397, 400 (Tex. Crim. App. 1982)).

The objected-to question was leading.  But Appellant has not shown that he was unduly prejudiced by the question.  Viewed in context, the question was a follow-up to Officer Dunn's testimony describing the sequence of events leading to the discovery of the second cell phone and the determinations that Appellant had thrown the cell phone from the back of the patrol car and that the cell phone belonged to the victim.  Further, Appellant had already pleaded guilty to tampering

4

with evidence by throwing the cell phone from a vehicle with the intent to impair its availability as evidence, thereby judicially admitting the same fact that was elicited by the prosecutor from the leading question. *C.f. Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (noting that any error in admission of evidence was harmless in light of proper admission of "very similar" evidence); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) ("[O]verruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling."). And finally, nothing in the record before us leads us to disregard the longstanding presumption that, in a nonjury trial, the trial court only considers such evidence as was legally admissible. *See Conn v. State*, 158 S.W.2d 503, 505 (Tex. Crim. App. 1941) (addressing appellant's complaint regarding leading questions, and holding "[t]hese matters were before the court in the absence of the jury and in passing upon them, the presumption prevails that the court considered only such evidence as was legally admissible"). Because Appellant has not shown he was unduly prejudiced by the allowance of the prosecutor's question, we overrule Appellant's first point.

## II. Punishment

In his second point, Appellant argues that the three-year sentences assessed on each count of harassment by a person in a correctional facility violated his rights against cruel and unusual punishment. But Appellant failed to preserve this argument.

5

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013). Generally, an appellant may not complain about his sentence for the first time on appeal. *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995).

Appellant did not object to the sentence at the time of pronouncement in open court, nor did he file a motion for new trial raising the issue in the thirty days following his sentencing. *See* Tex. R. App. P. 21.4(a). As such, he has failed to preserve his argument for our review. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding complaint of cruel and unusual punishment under Texas Constitution was waived because defendant presented his argument for first time on appeal). We therefore overrule his second point.

## Conclusion

Having overruled both of Appellant's points on appeal, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

6

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 23, 2020