Lawrence Codell Mann v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-016-CR

LAWRENCE CODELL MANN APPELLANT

V.

THE STATE OF TEXAS STATE 

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

BACKGROUND

A jury found appellant Lawrence Codell Mann guilty of possession and promotion of child pornography and, after hearing evidence on punishment, sentenced appellant to nine years’ confinement.  At the punishment stage of the trial, appellant’s counsel did not present evidence that appellant had been sexually abused as a child by his own father.  Counsel explained at the hearing on appellant’s motion for new trial that he did not question appellant about the sexual abuse when appellant testified during the punishment phase of trial because he felt that appellant was not “making a good witness” and was losing credibility with the jury.

On appeal, appellant argues in a single point that he received ineffective assistance of counsel at trial due to counsel’s failure to present mitigating evidence of appellant’s childhood sexual abuse to the jury.  Because appellant did not produce sufficient evidence to demonstrate that this failure to present evidence of childhood sexual abuse rendered counsel’s representation deficient and prejudiced his defense, we overrule appellant’s point and affirm the trial court’s judgment.

DISCUSSION

Appellant claims that the information about his sexual abuse was “the most mitigating evidence available” and that counsel’s representation was ineffective because no reasonable trial strategy would exclude this evidence from the punishment phase of a child pornography case.  To prevail on his claim of ineffective assistance, appellant must show both that his counsel’s performance was deficient and that the deficient performance prejudiced his defense.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Hernandez v. State
, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999).  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson v. State,
 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  If appellant fails to show either deficient performance or sufficient prejudice, he cannot prevail on his claim of ineffective assistance.  
Id. 
at 813.

In evaluating the adequacy of counsel’s representation under the first 
Strickland
 prong, we look to the totality of the representation and the particular circumstances of the case
.  See id.
  Our scrutiny of counsel’s performance must be highly deferential, and we must make every effort to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.  Because the record in this case does not affirmatively demonstrate that the strategic decision made by appellant’s counsel to refrain from questioning appellant about his childhood sexual abuse rendered counsel’s representation deficient, appellant cannot establish a violation of the first 
Strickland
 prong.

The record reveals that appellant’s counsel explained at the hearing on appellant’s motion for new trial the strategy behind his decision to exclude testimony regarding appellant’s sexual abuse from the punishment phase of the trial: he felt that appellant was not “making a good witness” and had lost credibility with the jury.  Also at the hearing, appellant’s mother testified that appellant’s counsel told her before trial that the effect of presenting evidence of appellant’s childhood sexual abuse would be “maybe good, maybe not.” Appellant testified that counsel did not consult with him in making this decision and that he did not ever tell counsel to avoid questioning him about the sexual abuse.

This testimony, rather than affirmatively demonstrating the alleged ineffectiveness, instead shows that the decision to refrain from questioning appellant about his childhood sexual abuse was a strategic one made by appellant’s counsel in the exercise of his professional judgment.  Potential jury reaction to appellant’s testimony about his history of childhood sexual abuse was a legitimate factor for counsel to consider in developing this trial strategy.  
See Rosales v. State
, 841 S.W.2d 368, 376-78 (Tex. Crim. App. 1992) (holding 
fear of juror backlash to be an acceptable strategic reason to forgo full development of relevant mitigating evidence at punishment phase of trial).  Furthermore, when counsel’s strategy is based on a reasonable determination that an explanation of the client’s history would not help the case, the decision to refrain from presenting evidence of mitigation does not constitute ineffective assistance of counsel.  
Burger v. Kemp
, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126 (1987).

Moreover, although appellant testified that he did not ever tell counsel that he did not want to testify about the sexual abuse, nothing in the record indicates that appellant ever actually told counsel that he 
did 
want to address the topic.  Appellant did not testify that he complained to counsel about omitting evidence of the sexual abuse or that he requested and was refused the opportunity to testify on the topic; it is only now, with post-trial hindsight, that appellant questions counsel’s strategy.  Appellant has pointed to nothing in the record, however, that overcomes the presumption that his counsel made this decision in the exercise of reasonable professional judgment.  Therefore, appellant has failed to meet the first 
Strickland
 prong. 
 
See Strickland, 
466 U.S. at 689, 104 S. Ct. at 2065.

In addition, appellant has not shown that he was prejudiced by counsel’s decision to exclude testimony regarding the childhood sexual abuse.  Under the second 
Strickland
 prong, appellant must show 
a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.
  While appellant claims that the testimony about his sexual abuse was “the most mitigating evidence available,” it also could have been detrimental to appellant’s plea for leniency from the jury.  We cannot assume that all jurors would consider evidence of childhood sexual abuse as a mitigating factor in assessing punishment.  
See Curry v. State
, 910 S.W.2d 490, 494 (Tex. Crim. App. 1995) (holding that venire member’s refusal to view physical abuse, sexual abuse, or an economically deprived childhood as circumstances that would mitigate punishment did not warrant dismissal for cause).  

Furthermore, 
appellant admitted at the motion for new trial that counseling and psychiatric therapy provided by the State after appellant was abused as a child did not erase the memory of the abuse, and he also admitted that he was not “completely cured” of problems stemming from the childhood abuse.  In light of appellant’s arguably contradictory testimony at trial that he had no sexual interest in child pornography and that his offenses were motivated by mere curiosity, we cannot conclude that the jury would have automatically viewed evidence of appellant’s history of sexual abuse as a mitigating factor in assessing punishment.  Therefore, appellant’s assertions regarding the benefits of this testimony are mere speculation and second-guessing of counsel’s strategy.

On this record, we cannot find there is a reasonable probability that, but for counsel’s decision to forego presenting evidence of appellant’s childhood sexual abuse, the result of the proceeding would have been different.  Because appellant has not provided any evidence demonstrating that the jury would have assessed a lighter punishment had counsel presented evidence that appellant was sexually abused as a child, he has failed to meet the prejudice requirement of the second 
Strickland
 prong as well.  
See Strickland,
 466 U.S. at 694, 104 S. Ct. at 2068. 

CONCLUSION

Because appellant has not shown from the record that his counsel’s performance was deficient and that the deficient performance prejudiced his defense at the punishment phase of trial, we overrule appellant’s complaint of ineffective assistance of counsel and affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED
: July 22, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.