COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-016-CR
  
  
LAWRENCE 
CODELL MANN                                                    APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                 STATE
  
  
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
BACKGROUND
        A 
jury found appellant Lawrence Codell Mann guilty of possession and promotion of 
child pornography and, after hearing evidence on punishment, sentenced appellant 
to nine years’ confinement. At the punishment stage of the trial, 
appellant’s counsel did not present evidence that appellant had been sexually 
abused as a child by his own father. Counsel explained at the hearing on 
appellant’s motion for new trial that he did not question appellant about the 
sexual abuse when appellant testified during the punishment phase of trial 
because he felt that appellant was not “making a good witness” and was 
losing credibility with the jury.
        On 
appeal, appellant argues in a single point that he received ineffective 
assistance of counsel at trial due to counsel’s failure to present mitigating 
evidence of appellant’s childhood sexual abuse to the jury. Because appellant 
did not produce sufficient evidence to demonstrate that this failure to present 
evidence of childhood sexual abuse rendered counsel’s representation deficient 
and prejudiced his defense, we overrule appellant’s point and affirm the trial 
court’s judgment.
DISCUSSION
        Appellant 
claims that the information about his sexual abuse was “the most mitigating 
evidence available” and that counsel’s representation was ineffective 
because no reasonable trial strategy would exclude this evidence from the 
punishment phase of a child pornography case. To prevail on his claim of 
ineffective assistance, appellant must show both that his counsel’s 
performance was deficient and that the deficient performance prejudiced his 
defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 
2064 (1984); Hernandez v. State, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 
1999). An allegation of ineffective assistance must be firmly founded in the 
record, and the record must affirmatively demonstrate the alleged 
ineffectiveness. Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 
1999). If appellant fails to show either deficient performance or sufficient 
prejudice, he cannot prevail on his claim of ineffective assistance. Id. at 
813.
        In 
evaluating the adequacy of counsel’s representation under the first Strickland 
prong, we look to the totality of the representation and the particular 
circumstances of the case. See id. Our scrutiny of counsel’s 
performance must be highly deferential, and we must make every effort to 
eliminate the distorting effects of hindsight. Strickland, 466 U.S. at 
689, 104 S. Ct. at 2065. Because the record in this case does not affirmatively 
demonstrate that the strategic decision made by appellant’s counsel to refrain 
from questioning appellant about his childhood sexual abuse rendered counsel’s 
representation deficient, appellant cannot establish a violation of the first Strickland 
prong.
        The 
record reveals that appellant’s counsel explained at the hearing on 
appellant’s motion for new trial the strategy behind his decision to exclude 
testimony regarding appellant’s sexual abuse from the punishment phase of the 
trial: he felt that appellant was not “making a good witness” and had lost 
credibility with the jury. Also at the hearing, appellant’s mother testified 
that appellant’s counsel told her before trial that the effect of presenting 
evidence of appellant’s childhood sexual abuse would be “maybe good, maybe 
not.” Appellant testified that counsel did not consult with him in making this 
decision and that he did not ever tell counsel to avoid questioning him about 
the sexual abuse.
        This 
testimony, rather than affirmatively demonstrating the alleged ineffectiveness, 
instead shows that the decision to refrain from questioning appellant about his 
childhood sexual abuse was a strategic one made by appellant’s counsel in the 
exercise of his professional judgment. Potential jury reaction to appellant’s 
testimony about his history of childhood sexual abuse was a legitimate factor 
for counsel to consider in developing this trial strategy. See Rosales v. 
State, 841 S.W.2d 368, 376-78 (Tex. Crim. App. 1992) (holding fear of juror 
backlash to be an acceptable strategic reason to forgo full development of 
relevant mitigating evidence at punishment phase of trial). Furthermore, when 
counsel’s strategy is based on a reasonable determination that an explanation 
of the client’s history would not help the case, the decision to refrain from 
presenting evidence of mitigation does not constitute ineffective assistance of 
counsel. Burger v. Kemp, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126 (1987).
        Moreover, 
although appellant testified that he did not ever tell counsel that he did not 
want to testify about the sexual abuse, nothing in the record indicates that 
appellant ever actually told counsel that he did want to address the 
topic. Appellant did not testify that he complained to counsel about omitting 
evidence of the sexual abuse or that he requested and was refused the 
opportunity to testify on the topic; it is only now, with post-trial hindsight, 
that appellant questions counsel’s strategy. Appellant has pointed to nothing 
in the record, however, that overcomes the presumption that his counsel made 
this decision in the exercise of reasonable professional judgment. Therefore, 
appellant has failed to meet the first Strickland prong. See 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.
        In 
addition, appellant has not shown that he was prejudiced by counsel’s decision 
to exclude testimony regarding the childhood sexual abuse. Under the second Strickland 
prong, appellant must show a reasonable probability that, but for counsel’s 
unprofessional errors, the result of the proceeding would have been different. Id. 
at 694, 104 S. Ct. at 2068. While appellant claims that the testimony about his 
sexual abuse was “the most mitigating evidence available,” it also could 
have been detrimental to appellant’s plea for leniency from the jury. We 
cannot assume that all jurors would consider evidence of childhood sexual abuse 
as a mitigating factor in assessing punishment. See Curry v. State, 910 
S.W.2d 490, 494 (Tex. Crim. App. 1995) (holding that venire member’s refusal 
to view physical abuse, sexual abuse, or an economically deprived childhood as 
circumstances that would mitigate punishment did not warrant dismissal for 
cause).
        Furthermore, 
appellant admitted at the motion for new trial that counseling and psychiatric 
therapy provided by the State after appellant was abused as a child did not 
erase the memory of the abuse, and he also admitted that he was not 
“completely cured” of problems stemming from the childhood abuse. In light 
of appellant’s arguably contradictory testimony at trial that he had no sexual 
interest in child pornography and that his offenses were motivated by mere 
curiosity, we cannot conclude that the jury would have automatically viewed 
evidence of appellant’s history of sexual abuse as a mitigating factor in 
assessing punishment. Therefore, appellant’s assertions regarding the benefits 
of this testimony are mere speculation and second-guessing of counsel’s 
strategy.
        On 
this record, we cannot find there is a reasonable probability that, but for 
counsel’s decision to forego presenting evidence of appellant’s childhood 
sexual abuse, the result of the proceeding would have been different. Because 
appellant has not provided any evidence demonstrating that the jury would have 
assessed a lighter punishment had counsel presented evidence that appellant was 
sexually abused as a child, he has failed to meet the prejudice requirement of 
the second Strickland prong as well. See Strickland, 466 U.S. at 
694, 104 S. Ct. at 2068.
CONCLUSION
        Because 
appellant has not shown from the record that his counsel’s performance was 
deficient and that the deficient performance prejudiced his defense at the 
punishment phase of trial, we overrule appellant’s complaint of ineffective 
assistance of counsel and affirm the trial court’s judgment.
 
 
                                                          BOB 
MCCOY
                                                          JUSTICE
  
  
PANEL 
B:   DAUPHINOT, HOLMAN, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 22, 2004

NOTES
1.  
See Tex. R. App. P. 47.4.