MARY'S OPINION HEADING 







                                                                                    NO. 12-04-00146-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
ERIC BELONGA,                                              §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                           
MEMORANDUM OPINION
            Appellant Eric Belonga appeals his conviction for aggravated assault with a deadly weapon
on a public servant, arguing that the evidence was legally and factually insufficient to support his
conviction and that the jury’s sentence was disproportionate to the offense. We affirm.
 
Background
            Officer Darrell Cook testified that he was on patrol in an area off North Loop 323 in Tyler. 
He was driving a patrol vehicle and wearing a Tyler Police Department uniform, which included a
gun, badge, radio, handcuffs, flashlight, and the other standard items associated with his identity as
a Tyler police officer. Cook testified that Club Ice, a local night club, was a part of the area he
regularly patrolled in beat one. He further stated that law enforcement reported to Club Ice
frequently because the club had a “long history of problems with the police department.”
            Cook testified that while at Club Ice on the evening of October 23, 2003, he heard a vehicle
accelerating, spinning its tires. He then observed Appellant in a green Ford Mustang convertible
accelerating very rapidly across the parking lot of Club Ice. Cook identified himself as a Tyler police
officer and told Appellant to stop. Appellant did not stop, however, and Cook reached into
Appellant’s car to stop him. Appellant then left the Club Ice parking lot with Cook hanging onto
the vehicle and dragged Cook about 900 feet down Loop 323. Cook described his injuries as cuts
and scrapes and said that he was unable to return to work for a month. He testified that during the
events of October 23, he feared that he would never see his wife and daughters again.
            Officer Randy Tucker testified that he reported to the scene of Club Ice and found Cook’s
patrol vehicle in the parking lot. He then heard on his radio that Cook was injured and called for an
ambulance with backup. He and a trainee who was with him found Cook sitting by the side of Loop
323. Tucker described Cook’s injuries as cuts and scrapes with a cut to his scalp, which was
bleeding. Cook’s uniform was torn, and parts of it were missing. It was clear to Tucker that Cook
was in pain. Tucker gathered Cook’s clothing, bullets, and uniform from over 200 yards of roadway.
            Appellant’s probation officer testified that according to the terms of his probation for a 2002
driving while intoxicated conviction, Appellant was prohibited from any entry onto the premises of
a bar such as Club Ice.
            The State also presented Katrina Guillot, who testified that she was familiar with the
Mustang driven by Appellant. She testified that Appellant called her late at night on October 23 or
early on the morning of October 24 to ask her to come pick him up. She went to a location near
Texas College, picked up Appellant, and left the green Mustang in a church parking lot. She stated
that she took him to her home and did not discuss what had happened at Club Ice. She drove the
Mustang to Chandler the next day, which, according to Guillot, was Appellant’s idea.
            Tyler Police Officer Chuck Barber testified that he reported to the scene on Loop 323 and
found a gas receipt in “pristine” condition. He testified the receipt was signed by Appellant.
            The defense presented security guards who testified about the fights on the parking lot at
Club Ice. They also stated how crowded it was on the parking lot at closing. One guard saw Cook
writing parking tickets, and another guard stated that a green Mustang got his attention by squealing
its tires. Another guard stated that he saw the green Mustang hit the gas with Cook trying to grab
the driver.
            Appellant testified that he went to Club Ice to unwind and had one drink, danced a little, then
left shortly before closing time. He admitted spinning his tires, but said he did so because he had
only had the Mustang a few weeks. He remembered being grabbed from behind and thought that
someone was trying to carjack him. Appellant stated that he never heard Cook tell him to stop and
he never saw who it was that approached him from behind. He admitted that someone tried to grab
his neck. He testified that he did not know a police officer was trying to stop him nor did he ever
hear Cook identify himself as a Tyler police officer. Appellant testified that he was not aware of
dragging anyone down Loop 323. He admitted lying to a police officer on the evening of October
24 about where he was on the evening of October 23.
            Appellant was found guilty of aggravated assault with a deadly weapon on a public servant
and sentenced to ninety-nine years of imprisonment. This appeal followed.
 
Legal Sufficiency of the Evidence
            In his first issue, Appellant contends the evidence was legally insufficient to support his
conviction. 
Standard of Review
            Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S. 307,
315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State, 6 S.W.3d 1,
6 (Tex. App.–San Antonio 1999, pet. ref’d). The standard for reviewing a legal sufficiency challenge
is whether any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v. State, 871
S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to
the jury’s verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186. 
A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing
court. See Tibbs v. Florida, 457 U.S.31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).
Elements of the Offense
            To support Appellant’s conviction for aggravated assault with a deadly weapon on a public
servant, the State had the burden to prove that (1) Appellant intentionally, knowingly, or recklessly
caused bodily injury (2) to a person whom he knew was a peace officer (3) while the peace officer
was lawfully discharging an official duty and (4) used a deadly weapon during the course of
committing the assault. See Tex. Pen. Code Ann. §§ 22.01(a)(1), 22.02(a)(2), (b)(2) (Vernon Supp.
2004-05). According to Appellant, the State failed to prove that Appellant knew Cook was lawfully
discharging an official duty. Appellant acknowledges that the law does not require proof that the
person committing aggravated assault on a peace officer knew at the time of the assault that the peace
officer was lawfully discharging an official duty. See Montoya v. State, 744 S.W.2d 15, 30 (Tex.
Crim. App. 1987). However, he argues that the general rule does not apply here because the jury
charge permitted the jury to convict Appellant only if they believed he knew at the time of the assault
that Cook was trying to detain him for reckless driving. Appellant further argues that the State failed
to prove Cook was actually detaining or attempting to detain Appellant. 
Jury Charge
            The jury charge in this case required that “the person committing the assault knows or has
been informed that the person assaulted is a public servant.” The charge made no reference to
whether Appellant knew Cook was attempting to detain him for reckless driving. Therefore, we
disagree with Appellant’s interpretation of the jury charge. However, even if Appellant has correctly
interpreted the charge, he cannot show error.
            The sufficiency of the evidence is measured against the offense as defined by a hypothetically
correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge
would include one “that accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the defendant is tried.” Id.
            The first paragraph of the court’s charge reads as follows:
 
Our law provides that a person commits the offense of aggravated assault with a deadly
weapon upon a public servant if such person commits an aggravated assault, that is the person
intentionally, knowingly, or recklessly causes bodily injury to another and said person uses or exhibits
a deadly weapon during the commission of the assault, and such aggravated assault is committed upon
a public servant in lawful discharge of official duty when the person committing the assault knows or
has been informed that the person assaulted is a public servant.
 
 
This portion of the jury charge includes the elements of the offense as prescribed by law. See Tex.
Pen. Code Ann. §§ 22.01(a)(1), 22.02(a)(2), (b)(2) (Vernon Supp. 2004-05). Further, this language
is authorized by the indictment, in which the State alleges that Appellant 
 
intentionally, knowingly or reckless [sic] caused[d] bodily injury to Darrell Cook by dragging Darrell
Cook with a motor vehicle and the defendant did then and there use or exhibit a deadly weapon to wit:
a motor vehicle, during the commission of said assault and the defendant did then and there know that
the said Darrell Cook, was then and there a public servant, to wit: a law enforcement officer employed
by the Tyler Police Department and that the said Darrell Cook was then and there lawfully discharging
an official duty, to wit: detaining or attempting to detain Eric Belonga, aka Eric Belonga II, for reckless
driving.
 
Moreover, the jury charge adequately described the charged offense and neither unnecessarily
increased the State’s burden of proof nor unnecessarily restricted its theories of liability. Therefore,
the jury charge meets the Malik standard, and Appellant’s argument to the contrary is without merit. 
Consequently, we need not address the legal sufficiency of the evidence showing that Appellant knew
Cook was attempting to detain him for reckless driving.
            Appellant also contends that the evidence was legally insufficient to show that Cook was
attempting to detain Appellant for reckless driving. Cook testified he was a police officer working
patrol in Tyler, Texas. On October 23, 2003, he was driving a fully marked police vehicle. He was
wearing a distinctive navy blue uniform and had all of his duty gear such as shoulder patches, badge,
gun belt and gun, radio, and handcuffs. Cook stated that he parked his vehicle in the same location
where he later encountered Appellant. He was responding to a security concern about a fight outside
Club Ice when he heard tires squealing in the parking lot. He then saw Appellant accelerate rapidly
across the parking lot in a Mustang convertible. Cook and security personnel began to chase
Appellant on foot in an attempt to get him to slow down, recognizing that Appellant was driving in
a dangerous manner. Regarding Cook’s encounter with Appellant, the State’s attorney asked the
following questions on the direct examination of Cook:
 
              Q:          Okay. What was the Defendant doing, if anything, that drew your attention to his
vehicle?
 
              A:          I was standing over approximately this area here in the parking lot – the northwest
corner of the building. I heard a vehicle accelerate spinning their tires. I turned
around and looked back up this way. I saw the Mustang I want to say shooting – but
it was accelerating very rapidly across the parking lot.
 
              Q:          Were there individuals in the parking lot?
 
              A:          Yes, sir.
 
              Q:          Okay. Now, did you consider the actions that you heard and saw regarding the
Defendant and his driving of the Mustang to be reckless driving?
 
              A:          Yes, sir.
 
              Q:          Now, did you detain or attempt to detain the Defendant based on what you heard and
your observations of how he was driving?
 
              A:          I attempted to.
 
              Q:          Okay. Now, in attempting to detain the Defendant, based on your observations, what
you heard and saw of his driving, was that a – what you would call a duty of yours
as a police officer with the Tyler Police Department?
 
              A:          Yes, sir.
 
              Q:          On this night, October 23rd, 2003, was that – were you attempting to lawfully
discharge that official duty by attempting to detain the Defendant, Eric Belonga, for
reckless driving?
 
              A:          Yes, sir, I was.
 
This evidence shows that Cook was attempting to detain Appellant for reckless driving and is
therefore legally sufficient to support a jury finding that Cook was performing an official duty at the
time of the assault. Accordingly, we hold that the evidence is legally sufficient to support Appellant’s
conviction. Appellant’s first issue is overruled.
 
Factual Sufficiency of the Evidence
            In his second issue, Appellant contends that the evidence was factually insufficient to support
his conviction.
Standard of Review
            In reviewing factual sufficiency, we consider all of the evidence weighed by the jury that tends
to prove the existence of the elemental fact in dispute and compare it to the evidence that tends to
disprove that fact. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Although
we are authorized to disagree with the jury’s determination, even if probative evidence exists that
supports the verdict, see Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996), our
evaluation should not substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony. Santellan, 939 S.W.2d at 164. Where there is conflicting evidence,
the jury’s verdict on such matters is generally regarded as conclusive. See Van Zandt v. State, 932
S.W.2d 88, 96 (Tex. App.– El Paso 1996, pet. ref’d). Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine our confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000).


 
            A verdict will be set aside “only if the evidence supporting guilt is so obviously weak, or the
contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust.” Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002); see 
 Sims v. State, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003). A clearly wrong and manifestly unjust
verdict occurs where the jury's finding “shocks the conscience,” or “clearly demonstrates bias.” 
Zuniga, 144 S.W.3d at 481. As the court of criminal appeals explained in Zuniga, "There is only one
question to be answered in a factual-sufficiency review: Considering all of the evidence in a neutral
light, was a jury rationally justified in its finding of guilt beyond a reasonable doubt?” Analysis
            Appellant first argues that the evidence was factually insufficient to establish that Appellant
knew Cook was attempting to detain him for reckless driving. We have already held that the State
was not required to prove Appellant’s knowledge of that fact. Therefore, we do not address this
portion of Appellant’s factual sufficiency argument. 
            Appellant also contends that the evidence was factually insufficient to show that Appellant
was attempting to detain Appellant for reckless driving at the time of the assault. Specifically,
Appellant argues that “[t]he testimony at trial just does not support a finding that Wood was acting
in an attempt to detain Appellant for reckless driving. [Cook] certainly wanted to detain him but the
evidence does not prove what he wanted to detain him for.” (Emphasis in original). We have held
that the evidence is legally sufficient to show that at the time of the assault, Cook was attempting to
detain Appellant for reckless driving. Further, we have carefully examined the record and have been
unable to locate any contrary evidence. Consequently, our review is limited to whether the evidence
supporting the verdict, and more specifically the evidence showing that Cook was attempting to
detain Appellant for reckless driving, is too weak to support such a finding beyond a reasonable
doubt. We hold that it is not. Therefore, the evidence is factually sufficient to support a jury finding
that Cook was performing an official duty at the time of the assault. As such, the evidence is factually
sufficient to support Appellant’s conviction. Appellant’s second issue is overruled.
 
Punishment
            In his third issue, Appellant contends his ninety-nine-year sentence constitutes cruel and
unusual punishment under both the Texas and United States constitutions. In support of his
argument, he points out that he has never been convicted of a felony and properly filed his application
for probation from the jury. Initially, we note that Appellant made no objection to the trial court
raising the issue of cruel and unusual punishment and has, therefore, waived such an issue on appeal. 
See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights
under the Texas Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver
with regard to rights under the United States Constitution); Tex. R. App. P. 33.1. 
            Even if the issue had been preserved for review, however, the result would not change. In the
instant case, Appellant’s sentence was not unconstitutionally disproportionate. See Rummell v.
Estell, 445 U.S. 263, 266, 100 S. Ct. 1133, 1135, 63 L. Ed. 2d 382 (1980) (life sentence not cruel and
unusual punishment for obtaining $120.75 by false pretenses where appellant had a prior felony
conviction for fraudulent use of credit card to obtain $80.00 worth of goods or services and another
for passing forged check in amount of $28.36); see also Jones v. State, No. 12-04-00046-CR, 2004
WL 1899992, at *2 (Tex. App.–Tyler 2004, pet. denied) (holding that life sentence and forty-year
sentence stacked was not cruel and unusual punishment for two aggravated assaults on a public
servant with a deadly weapon). Therefore, even absent waiver, we could not conclude that
Appellant’s sentence constituted cruel and unusual punishment. See McGruder v. Puckett, 954 F.2d
313, 316 (5th Cir.), cert. denied, 566 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992) (where
sentence not unconstitutionally disproportionate, appellate court is not required to proceed with
analysis for cruel and unusual punishment); Jones, 2004 WL 1899992, at *2 (same). Appellant’s
third issue is overruled.
 
Disposition
            The judgment of the trial court is affirmed.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
 
Opinion delivered August 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(DO NOT PUBLISH)