02-10-053-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00053-CR

 

 


 
 
 David Lee Fairchild
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 30th
District Court OF Wichita COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

A
jury found Appellant David Lee Fairchild guilty of fraudulent use or possession
of identifying information with ten or more items of identifying information
and assessed his punishment at thirty-five years’ confinement.  The trial court
sentenced him accordingly.  In a single issue, Fairchild argues that Texas
Penal Code section 32.51(b-1)(1) is unconstitutional because it is arbitrary
and irrational in its application and wrongly shifts the burden of proof to the
defendant in violation of the Sixth Amendment of the United States
Constitution.  See Tex. Penal Code Ann. § 32.51(b-1)(1) (Vernon Supp.
2010).  Because Fairchild did not preserve his complaint for appeal, we will
affirm.

          To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton v. State,
280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  A reviewing court should not address
the merits of an issue that has not been preserved for appeal.  Ford v.
State, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Generally,
constitutional errors are forfeited by failure to object at trial.  Curry v.
State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995); see Mendez, 138
S.W.3d at 342.  Neither an “as applied” challenge nor a facial challenge to the
constitutionality of a statute can be raised for the first time on appeal.  Karenev
v. State, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding a defendant
may not raise for the first time on appeal a facial challenge to the
constitutionality of a statute); Curry, 910 S.W.2d at 496 (holding
appellant waived his vague-as-applied challenge because he did not specifically
object at trial).

Here,
because Fairfield did not raise an as applied or a facial challenge to the
constitutionality of penal code section 32.51(b-1)(1) in the trial court, he
has not preserved this issue for our review.  See Karenev, 281 S.W.3d at
434; Curry, 910 S.W.2d at 496.  Accordingly, we overrule Fairchild’s
sole issue and affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
GARDNER, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 24, 2011









[1]See Tex. R. App. P. 47.4.