

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00053-CR

DAVID LEE FAIRCHILD                                                APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant David Lee Fairchild guilty of fraudulent use or possession of identifying information with ten or more items of identifying information and assessed his punishment at thirty-five years' confinement. The trial court sentenced him accordingly. In a single issue, Fairchild argues that Texas Penal Code section 32.51(b-1)(1) is unconstitutional because it is arbitrary and irrational in its application and wrongly shifts the burden of proof to the

----

[1]*See* Tex. R. App. P. 47.4.

defendant in violation of the Sixth Amendment of the United States Constitution. *See* Tex. Penal Code Ann. § 32.51(b-1)(1) (Vernon Supp. 2010). Because Fairchild did not preserve his complaint for appeal, we will affirm.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Generally, constitutional errors are forfeited by failure to object at trial. *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995); *see Mendez*, 138 S.W.3d at 342. Neither an "as applied" challenge nor a facial challenge to the constitutionality of a statute can be raised for the first time on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute); *Curry*, 910 S.W.2d at 496 (holding appellant waived his vague-as-applied challenge because he did not specifically object at trial).

Here, because Fairfield did not raise an as applied or a facial challenge to the constitutionality of penal code section 32.51(b-1)(1) in the trial court, he has not preserved this issue for our review. *See Karenev*, 281 S.W.3d at 434; *Curry*, 910 S.W.2d at 496. Accordingly, we overrule Fairchild's sole issue and affirm the trial court's judgment.

                                                SUE WALKER
                                                JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 24, 2011