ACCEPTED
01-14-01035-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/18/2015 3:49:01 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-01035-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/18/2015 3:49:01 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIRST COURT OF APPEALS
## SUPREME JUDICIAL DISTRICT
## HOUSTON, TEXAS

---

### JULIA JUAREZ

### VS.

### THE STATE OF TEXAS

---

Appealed from the
District Court of Harris County, Texas
230th Judicial District Court
Cause No. 1422760

---

## BRIEF FOR APPELLANT

---

## ORAL ARGUMENT REQUESTED

MICHAEL P. FOSHER,
Attorney at Law
The Lyric Center
440 Louisiana Ste. 1200
Houston, Texas 77002-1636
(713) 221-1810
T.B.N.: 07280300

## ATTORNEY FOR APPELLANT

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), (Vernon Pamph. 2014), the following persons are interested parties:

Presiding Judge At Trial

The Honorable Judge Brad Hart
230th Judicial District Court
1201 Franklin
Houston, Tx 77002

Attorneys for State

Stephen Aslett
Assistant D.A.
1201 Franklin
Houston Tx 77002

Attorney for Defense (at trial)

Mr. Joseph Vinas
Attorney at Law
405 Main, Suite 950
Houston, Tx 77002
(713) 229-9922

Mr. Michael P. Fosher (on appeal)
Attorney at Law
The Lyric Center, 400 Louisiana, STE. 1200
Houston, Tx 77002-1636
(713) 221-1810

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . ii

LIST OF CITATIONS . . . . . . . . . . . . . . . . iii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . 1

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . 5

ISSUES PRESENTED . . . . . . . . . . . . . . . . 5

APPELLANT'S FIRST POINT OF ERROR . . . . . . . . . . . 6

THE TRIAL COURT ERRED IN CONSIDERING INADMISSIBLE EXTRANEOUS CONDUCT IN DETERMINING THE SENTENCE FOR APPELLANT.
. . . . . . . . . . . . . . . . . . . . . . . .

APPELLANT'S SECOND POINT OF ERROR . . . . . . . . . . . 7

APPELLANT RECEIVED CRUEL AND UNUSUAL PUNISHMENT WHERE THE RECORD REFLECTS THAT ALTHOUGH SHE WAS ELIGIBLE FOR PROBATION APPELLANT RECEIVED A FOURTEEN YEAR SENTENCE IN THE TEXAS DEPARTMENT OF CORRECTIONS.
. . . . . . . . . . . . . . . . . . . . . . . .

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . 10

## LIST OF CITATIONS
### FEDERAL CASES

*Solem v. Helm,*
  463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed. 2d 637 (1983). . . . . . . . . . . . 8

### STATE CASES

*Smith v. State,*
  227 S.W.3d, 753 (Tex. Crim. App. 2007). . . . . . . . . . . . . . 6

*Curry v. State,*
  910 S.W.2d 490, 497 (Tex. Crim. App. 1995) . . . . . . . . . . . 7

*Meraz v. State,*
  785 S.W.2d 146 (Tex. Crim. App. 1990) . . . . . . . . . . . . . .8

### FEDERAL STATUES

U.S. Const. amendment 8 . . . . . . . . . . . . . . . . . .7

### STATE STATUTES

Tex. R. App. P. Ann. 38.1 (Vernon Pamph. 2014). . . . . . . . . . . i

Tex. R. App. P. 26.2(a)(Vernon Pamphlet 2014). . . . . . . . . . . 1

Tex. R. App. P. Ann. 39.1 (Vernon Pamph. 2014). . . . . . . . . . .1

Article 42.12, Section 9 of the Texas Code of Criminal Procedure . . . . . . .. . . . . 6

Article 37.07, Section 3 (a) (1) of the Texas Code of Criminal Procedure . . . . . . . . .6

Texas Rules of Evidence 103 (b) . . . . . .. . . . .. . . . .7

Tex. R. App. 33.1(a) . . . . . . .. . . .. . . . . . . . 7

Tex. R. App. P. 43.2 (d), 44.2 (a) (Vernon Phamp. 2014) . .. . . . .. . . . 8

Texas Rule of Appellate Procedure 9.4 (i) (3) .. . . . . . .. . . . . . . 9

ii

## STATEMENT OF JURISDICTION

This appeal lies from Appellant's conviction in The State of Texas v. JULIA JUAREZ, Cause No. 1422760, for the offense of Manslaughter, in the 230th District Court of Harris County, Texas. On December 22, 2014, Appellant was convicted of Manslaughter on her plea of guilty (Ts-36) and punishment was assessed at 14 years in the Texas Department of Criminal Justice by the Court after a pre-sentencing investigation. (Ts-47)

Appellant gave written notice of appeal on December 22, 2014, (Ts-50). A Motion for New Trial was filed and overruled by operation of law. (Ts-61)

This court has jurisdiction pursuant to Tex. R. App. P. 26.2(a)(Vernon Pamphlet 2014).

## REQUEST FOR ORAL ARGUMENT

Pursuant to Tex. R. App. P. Ann. 39.1 (Vernon Pamph. 2014), Appellant requests oral argument in this cause.

## STATEMENT OF THE CASE

This appeal lies from the Appellant's conviction for the offense of Manslaughter. In two points of error, appellant complains that the trial court erred in considering inadmissible extraneous conduct in determining sentence for Appellant. Further Appellant contends that her sentence amounted to cruel and unusual punishment.

## STATEMENT OF FACTS

The first witness for the State at the sentencing hearing was June Goss who stated that she was the mother of her daughter that was killed on October 8, 2013. (C.R. II-21). She also stated that her daughter, the complainant was 36 at the time of her passing and had never been married. She

1

assumed that her daughter was good friends with Appellant for a year prior to the car accident (C.R. II-24). She also stated that she planned on seeing her daughter the day of her passing and that she had just gotten out of the hospital six weeks before the day of her death (C.R. II-27). She stated that she had not heard from Appellant as to an apology, compassion or concern and she never received a phone call from Appellant regarding apologizing for the accident (C.R. II-33).

The first witness for the defense was Kasey Austin. She stated that she had known Appellant for 22 years and Appellant had been her best friend (C.R. II-70). She also stated that Appellant and the complainant were good friends and hung out a lot together (C.R. II-70). She also stated she would help Appellant if Appellant was granted probation by giving her a ride wherever she needed to go and help her in any way with classes, or if she needed a place to stay. (C.R. II-73).

The next witness for the defense was the Appellant who stated that since she had been out of jail she had been living with her aunt, Angela Thomas in Cleveland whom she also lived with for a few years when she was younger (C.R. II-82). Appellant stated that Mr. Graham is her step-father and her mother is Stephanie Graham but her biological father is George Burress (C.R. II-86). She stated that Mr. Burress went to Mexico and she had a phone call relationship with him every now and then but she was raised by Mr. Graham and her mother Stephanie Graham (C.R. II-88). She stated that from middle school through high school she lived with her grandmother, Karen K. Holmberg (C.R. II-91). Appellant did state during high school she did live most of the time with friend down the street named Annette Grimes. (C.R. II-94). Appellant stated she completed the eleventh grade and later received her GED. (C.R. II-97). Appellant also stated she studied electrical engineering at ITT Tech but had to withdraw due to financial reasons. (C.R. II-98). Appellant stated she was waiting for the outcome of her case to determine whether she could re-enroll in school (C.R. II-100).

2

Appellant stated she met complainant, Samantha Kea around three years ago through a mutual friend (C.R. II-103). Also they had been best friends for two years and she had been to Ms. Kea's home a number of times (C.R. II-107).

As to the date of the accident, Appellant could not remember what happened before or after since she was hurt pretty bad and in a coma for three days (C.R. II-109). She had broken her pelvis in six places and her femur (C.R. II-109). Appellant had been released from the hospital for eight days after the accident (C.R. II-111). Also she had had six surgeries on her pelvis and she has two long screws in the middle of her pelvis and a metal rod in her leg and a screw in her knee (C.R. II-113). Appellant agreed she had talked to a PSI Writer and that the last time she had drunk alcohol was on a March 12, 2013 which was her birthday (C.R. II-117). Appellant also stated that she told the PSI Writer that the last time she had drank alcohol was on March 12, 2013 because she did not remember drinking any alcohol the day of the accident but agreed that she a blood alcohol content of .04 (C.R. II-114). Appellant was in the hospital and her friend Ms. Kea had died and she did not want her friend to die nor did she intend for her to die (C.R. II-119). Appellant then stated that she had not contacted Ms. Kea's mother because she was dealing with her own issues and injuries and her mother had told her not to have contact with complainant's mother. If complainant's mother was in the courtroom she would tell her how sorry she was that this had happened and she loved her daughter (C.R. II-122).

On cross-examination appellant agreed that she had no children to care for and had not held down a job since 2012 (C.R. II-123). Appellant had agreed that she had used "Meth" and had been arrested for possession of "Meth" (Methamphetamine) on July 18, 2013 in Montgomery County a couple of months before this accident occurred (C.R. II-125). When the State attempted to go into the

3

facts regarding the possession case in Montgomery County, Appellant followed her lawyer's advice and refused to answer any questions regarding that case and the Judge finally agreed that the dismissal of that case included hearsay as to the State's reasons of the dismissal (C.R. II-127).

According to her probation conditions in Montgomery County, Appellant denied she did not pay the urinalysis fees, used "Meth" (Methamphetamine) and did not pay his supervisor's fees (C.R. II-140). Appellant then agreed that she had lied when she said she had told probation that the last time she had used "Meth" (Methamphetamine) was in July 2013 (C.R. II-143). She said she did not continue to smoke "Meth" (Methamphetamine) nor did she remember drinking any alcohol around the time of the accident (C.R. II-143). Appellant agreed that when her blood was drawn on the day of the crash the blood came back positive for "Benzodiazapine" and she was not aware of that finding nor did she understand how that substance found its way into her system (C.R. II-149). She agreed she had hung out with people that have criminal records but denied that she hung out with a person with a pending murder charge (C.R. II-149). She had agreed that her driver's license had been suspended for tickets on five different occasions and she admitted she had three speeding tickets on her record (C.R. II-152). Appellant claimed that she had no memory of the crash. She said it would surprise her to learn that she had driven at a speed of 80 miles per hour and veering into oncoming traffic, having a head on collision with a pickup truck that had four men in it. (C.R. II-152). She agreed the accident occurred in October 2013 and she was she was not charged until April 2014, and she had not contacted Ms. Goss or apologized to her about what happened to her daughter (C.R. II-155).

On re-direct of examination, Appellant agreed that she was unable to walk from the date of the accident without crutches until February 2014 and that was one of the reasons she could not work at that time (C.R. II-167). Appellant agreed that when she was interviewed for the Texas Risk

4

Assessment she had been released on bond when interviewed by Ms. Estes (C.R. II-170).

As to Ms. Estes' claims that Appellant identified with people involved in criminal activities over the last few months, Appellant's response was that she had been spent the last few months in the Harris County Jail. Also the person that had a murder charge was just a person she had met in her cell in the Jail (C.R. II-177-179). Appellant stated she that when the assessment was written she had spent the previous few months before in jail surrounded by people who were also charged with criminal offenses (C.R. II-179). As far as her criminal case in Montgomery County being dismissed, she was not bragging but was just very thankful (C.R. II-181). On her birthday she felt terrible about the loss of her friend Savannah and thinks about her every day (C.R. II-183). Appellant agreed that it was her fault, it was an accident and that it was her fault since she was driving (C.R. II-185).

## SUMMARY OF THE ARGUMENT

Appellant contends that the trial court erred in considering inadmissible extraneous conduct in determining the sentence for Appellant and the sentence Appellant received constituted cruel and unusual punishment.

## ISSUES PRESENTED
## APPELLANT'S FIRST POINT OF ERROR

THE TRIAL COURT ERRED IN CONSIDERING INADMISSIBLE EXTRANEOUS CONDUCT IN DETERMINING THE SENTENCE FOR APPELLANT.

## APPELLANT'S SECOND POINT OF ERROR
APPELLANT RECEIVED CRUEL AND UNUSUAL PUNISHMENT WHERE THE RECORD REFLECTS THAT ALTHOUGH SHE WAS ELIGIBLE FOR PROBATION APPELLANT RECEIVED A FOURTEEN YEAR SENTENCE IN THE TEXAS

5

DEPARTMENT OF CORRECTIONS.

## APPELLANT'S FIRST POINT OF ERROR (RE-STATED)

THE TRIAL COURT ERRED IN CONSIDERING INADMISSIBLE EXTRANEOUS CONDUCT IN DETERMINING THE SENTENCE FOR APPELLANT.

In Appellant's case the trial court after Appellant's plea of guilty ordered a pre-sentencing investigation report pursuant to Article 42.12, Section 9 of the Texas Code of Criminal Procedure. At one point during the hearing when Appellant was being cross-examined by the State, the State was permitted over objection to go into the facts of a prior arrest in Montgomery County, Texas which had been dismissed. Appellant was required pursuant to her lawyer's advise to refuse to answer any questions regarding the facts of that case (C.R. II-126). The Court finally agreed that the reasons for the dismissal of that case contained hearsay but the Court also concluded that the Court was permitted to consider that case in determining Appellant's sentence as an unadjudicated offense(C.R. II-131).

When the punishment is to be determined by either a judge or the jury Article 37.07, Section 3 (a) (1) of the Texas Code of Criminal Procedure provides that the Court or Jury may consider any other evidence of an extraneous offense that is shown beyond a reasonable doubt by evidence to have been committed by the Appellant for which he could be held criminally responsible, regardless of whether he has been previously charged with or finally convicted with the crime or act.

In *Smith v. State*, 227 S.W.3d, 753 (Tex. Crim. App. 2007), the Court of Criminal Appeals determined that when a person is sentenced by the Court pursuant to a pre-sentencing investigation Article 37.07, Section 3 (a)(1) of the Texas Code of Criminal Procedure would not apply as requiring extraneous misconduct to be shown as committed by Appellant with proof beyond a reasonable doubt. However the Court also cautioned that it would violate due process for a trial court to consider

6

evidence of extraneous misconduct if there was no evidence from any source for which it could be rationally inferred that the accused had any criminal responsibility for that extraneous misconduct.

In this case the evidence offered at Appellant's hearing concluded only that the Appellant had been charged with possession of a controlled substance in Montgomery County which had been dismissed and therefore there was insufficient proof that the Court could make a rational finding that Appellant had committed this offense. Thus there was no basis from which the Court could rationally infer that Appellant was responsible for the alleged possession of a controlled substance in Montgomery County. The State never produced any witnesses or other evidence to show Appellant committed the offense in Montgomery County. Therefore the Trial Court erred in concluding that it could consider the charge in Montgomery County in determining the appropriate sentence for Appellant.

## APPELLANT'S SECOND POINT OF ERROR (RE-STATED)

APPELLANT RECEIVED CRUEL AND UNUSUAL PUNISHMENT WHERE THE RECORD REFLECTS THAT ALTHOUGH SHE WAS ELIGIBLE FOR PROBATION APPELLANT RECEIVED A FOURTEEN YEAR SENTENCE IN THE TEXAS DEPARTMENT OF CORRECTIONS.

Appellant understands that failure to raise an 8th Amendment objection at trial prevents making any claim on appeal Tex. R. App. 33.1(a). *Curry v. State*, 910 S.W.2d 490, (Tex. Crim. App. 1995). But Texas Rules of Evidence 103 (b) provide that the Court can take note of fundamental error affecting a substantial right although it was not brought to the attention the trial court.

Appellant contends that her sentence was disproportionate to the offense for which she was charged and violates the 8th Amendment to the United States Constitution prohibiting cruel and unusual

punishment where the record reflects she received a fourteen year prison sentence from the Court.

The record reflects that Appellant was eligible for probation and had filed a Motion for Probation with the Court prior to the PSI hearing (Ts-44)). Also Appellant agreed that she had pled guilty to the offense because she was guilty and she was coming to the Court for punishment and requesting mercy (C.R. II-185).

A friend of Appellant, Kasey Austin, stated that Appellant had been her best friend and that she would help Appellant if granted probation by giving her transportation wherever she needed to go and she would help her in anyway with classes or a place to stay (C.R. II-73). Appellant stated she had complete the eleventh grade and had obtained her GED (C.R. II-97) and studied electric engineering at ITT Tech but had to withdraw due to financial reasons and would re-enroll if she was granted probation in this case (C.R. II-100). Appellant had received serious injuries from the accident and had had six surgeries and two screws placed in the middle of her pelvis and another rod in her leg and screw in her knee (C.R II-113).

Appellant contends that these factors indicate the fourteen year sentence was grossly disproportionate to the crime in light of the fact that she had no prior felony convictions and had never been granted adult probation before. The fact that Appellant was eligible for probation indicates that others, accused of the same offense, have been granted probation thus reflecting sentences imposed on similar cases in Texas or other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed. 2d 637 (1983).

This Court should reverse Appellant's conviction and remand the case for further proceedings. Tex. R. App. P. 43.2 (d), 44.2 (a) (Vernon Phamp. 2014), *Meraz v. State* 785 S.W.2d 146 (Tex. Crm.

App. 1990).

## PRAY FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Honorable Court to consider each and every point of error raised herein, to reverse Appellant's conviction, and to remand for further proceedings as the law and justice demands.

Respectfully submitted,

MICHAEL P. FOSHER
ATTORNEY AT LAW
440 Louisiana, Suite 1200
Houston, Texas 77002
713-221-1810
TBA#: 07280300
Email: michael@fosherlaw.com
ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Texas Rule of Appellate Procedure 9.4 (i) (3), the foregoing Appeal contains 3,119 words.

MICHAEL P. FOSHER

9

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing motion was served upon Alan Curry, curry_alan@dao.hctx.net, District Attorney of Harris County, Appellant Division, 1201 Franklin, Houston, Texas 77002, facsimile no. 713-755-5809 at the time of filing as per local rule.

_____

MICHAEL P. FOSHER