

NUMBER 13-15-00301-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**CHARLES LEE,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## On appeal from the 167th District Court
## of Travis County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

In this post-conviction appeal, appellant Charles Raymond Lee asserts that the

trial court (1) erred by denying his request for DNA testing because he met the standard

articulated under chapter 64 of the code of criminal procedure, *see* TEX. CODE CRIM.

PROC. ANN. art. 64.01 (West, Westlaw through 2015 R.S.); and (2) chapter 64 of the code

of criminal procedure was "unconstitutionally applied to his situation." We affirm.

## I. BACKGROUND[1]

A Travis County jury convicted Lee of aggravated robbery of the Excel Vending Company, enhanced by a previous felony conviction. *See* TEX. PENAL CODE ANN. § 29.03 (West, Westlaw through 2015 R.S.). It assessed his punishment at forty-eight years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. Lee appealed his conviction to the Austin Court of Appeals, *see* 51 S.W.3d 365, 368 (Tex. App.—Austin 2001, no pet.), and the Austin court reformed the district court's judgment to reflect a lesser-included offense of robbery, after concluding that the evidence was legally insufficient to support the jury's finding that Lee used a deadly weapon during the commission of the robbery. *See id.* § 29.02. The Austin Court then affirmed the judgment as reformed, reversed it as to punishment only, and remanded the case for a new trial on punishment. *See Lee*, 51 S.W.3d at 376. On remand, the jury assessed Lee's punishment at fifty years' imprisonment. *See Lee v. State*, No. 03-03-00035-CR, 2003 WL 22409451, at *1 (Tex. App.—Austin 2003, no pet.) (mem. op., not designated for publication). For purposes of this appeal, we incorporate the factual background section of Lee's initial direct appeal as recited by the Austin court. *See Lee*, 51 S.W.3d at 368.

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

On April 23, 2012, Lee filed a motion for forensic DNA testing to test "the stocking alleged to be worn by the individual with the gun in the robbery that occurred on or about January 21, 1999."[2]   *See* TEX. CODE CRIM. PROC. ANN. art. 64.01.   Lee further asserted in his motion that the issue of identity was "highly contested" at his trial and testing this stocking would be probative.   The State filed a response opposing Lee's motion, and on May 8, 2015, the trial court denied Lee's motion without a hearing by concluding that Lee failed to establish by a preponderance of evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing.   This appeal followed.

## II.   MOTION FOR FORENSIC DNA TESTING

By his first issue, Lee asserts that the trial court erred by denying his motion for forensic DNA testing because he satisfied his burden under chapter 64 of the code of criminal procedure.

### A. Standard of Review and Applicable Law

In reviewing a trial court's ruling on a motion for post-conviction DNA testing under chapter 64, we give "almost total deference" to the trial court's resolution of questions of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor, but we consider *de novo* all other application-of-law-to-fact questions.   *See Holberg v. State*, 425 S.W.3d 282, 284-85 (Tex. Crim. App. 2014).   Moreover, we will not consider post-trial evidence when deciding whether or not the appellant has carried his burden to establish by a preponderance of the evidence that he would not have been convicted had exculpatory results been obtained through DNA testing.   *Id.* at 285.   Thus,

---

[2] The record shows that Lee filed an "Amended Motion for DNA Testing" on October 6, 2011, which the trial court found to be "identical in all respects" to the April 23, 2012 motion.

3

despite the influx of newly asserted post-trial factual developments that the appellant calls upon us to consider, our review is limited to discerning whether, and to what extent, exculpatory results from a DNA testing of the evidence would alter the landscape if added to the mix of evidence that was available at the time of trial. *Id.*

A convicting court may order forensic DNA testing if the court finds that: (1) the evidence (a) still exists and is in a condition making DNA testing possible and (b) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; (2) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; (3) identity was or is an issue in the case; and (4) the convicted person establishes by a preponderance of evidence that (a) the person would not have been convicted if exculpatory results had been obtained through DNA testing and (b) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice. TEX. CODE CRIM. PROC. ANN. art. 64.03(a) (West, Westlaw through 2015 R.S.).

## B. Discussion

In denying Lee's motion, the trial court expressly concluded that Lee failed to establish by a preponderance of evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. To overcome this burden, Lee must show by a preponderance of the evidence—that is, a greater than fifty percent likelihood—that he would not have been convicted had any exculpatory results generated by the proposed testing been available at the time of his trial. *See Holberg*, 425 S.W.3d at 287; *Smith v. State*, 165 S.W.3d 361, 364 (Tex. Crim. App. 2005). "Exculpatory

4

results" are results that exclude the convicted person as the donor of the material. *See Holberg*, 425 S.W.3d at 287. Therefore, to prevail on this element under article 64.03(a), Lee must show that more likely than not, he would not have been convicted had the jury been able to weigh evidence that his biological material was not found on the stocking against the remainder of the evidence presented at trial. In support of his argument, Lee's counsel generally states the law and purpose of DNA testing and discusses how his identity was at issue at trial and was "convicted in part due to mistaken, eyewitness identification." He does not, however, argue how he would not have been convicted had any exculpatory results generated by testing the stocking been available at the time of trial.

The Austin Court's 2001 opinion affirming Lee's conviction for robbery laid out several reasons why Lee's conviction should stand, even considering and indulging Lee's misidentification argument. *See Lee*, 51 S.W.3d at 369. For example, the Court noted that both of Lee's co-conspirators testified that Lee participated in the robbery, including his role in planning the crime, obtaining the weapon used, and driving the car that transported the trio the day of the crime. *Id.* Furthermore, the State introduced evidence recovered from Lee's then-girlfriend's apartment linked to Excel Vending Company and testimony from other witnesses who told jurors that Lee asked them if they "wanted to participate in a robbery of a vending machine business." *See id.* Finally, the record shows that all three of the perpetrators of the robbery that night wore stocking masks. *Id.* at 368.

Taking these facts and Lee's arguments into consideration, we are unable to say that even if exculpatory results were generated from that particular stocking mask found at the scene of the crime, that it is more likely than not that the jury would not have convicted Lee of robbery. As a result, Lee failed to establish his burden under article 64.03. We overrule Lee's first issue.

## III.  CONSTITUTIONAL CHALLENGE

By his second issue, Lee contends that the trial court violated his constitutional rights by "misapplying the [Motion for Forensic DNA Testing] statute to his situation." We construe Lee's issue as an as-applied challenge to the constitutionality of chapter 64 of the Texas Code of Criminal Procedure. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011) ("A litigant raising only an "as applied" challenge concedes the general constitutionality of the statute, but asserts that the statute is unconstitutional as applied to his particular facts and circumstances.").

### A.  Preservation of Error

As a threshold matter, the State argues that Lee failed to preserve this issue for appellate review. We agree. As-applied challenges to the constitutionality of a statute require a specific, timely objection to the trial court, a ruling on the complaint, or an objection to the trial court's refusal to rule. *See Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995); *see also Smith v. State*, __ S.W.3d __, 2016 WL 3193479, at *4 (Tex. Crim. App. 2016) (discussing how a party should preserve error on constitutional challenges to statutes). Here, the record shows that Lee never raised his constitutional challenges to the trial court prior to or after the trial court's denial of his motion for forensic DNA testing. As a result, such an issue is not properly preserved for our review. *See*

6

*Curry*, 910 S.W.2d at 496.   We overrule Lee's second issue.

## IV.   CONCLUSION

We affirm the trial court's order.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
1st day of September, 2016.

7