

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00397-CR

CANDACE LEANN PRENTICE HODGE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 5965, Honorable Stuart Messer, Presiding

February 27, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Candace Leann Prentice Hodge, appeals the trial court's judgment adjudicating her guilty of the offense of burglary of a habitation,[1] and sentencing her to eighteen years' incarceration in the Institutional Division of the Texas Department of Criminal Justice.[2] Appellant challenges her sentence as being disproportionate to the gravity of the offense. We affirm.

---

[1] TEX. PENAL CODE ANN. § 30.02 (West 2019).

[2] Burglary of a habitation is a second-degree felony, punishable by imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. §§ 12.33 (West 2019), 30.02(c)(2).

Background

In December 2016, appellant was placed on deferred adjudication community supervision for two years for the offense of burglary of a habitation. As part of her community supervision, appellant was required to complete three hundred hours of community service, pay a $250.00 fine, and pay court costs of $269.00. Eight months later, the State moved to revoke appellant's community supervision and adjudicate her guilty of the original offense based on allegations that appellant had committed multiple violations of the terms and conditions of her community supervision, including committing a new offense of possession of a controlled substance. At a hearing on the State's motion, appellant entered a plea of true to violating three of the terms and conditions of her community supervision, including reporting monthly in person, paying a monthly community supervision fee, and paying $50 per month toward the court-ordered fees. She pleaded not true to violating other terms and conditions, including committing no new offense, abstaining from illegal drug use, and completing community service.

The trial court revoked appellant's community supervision, adjudicated her guilty of the offense of burglary of a habitation, and sentenced her to eighteen years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely appealed the resulting judgment. By her appeal, appellant contends that the eighteen-year sentence is disproportionate to the gravity of the offense.

Law and Analysis

In order to preserve for appellate review a complaint that a sentence is grossly disproportionate and thereby constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds

for the ruling requested.[3] *Curry v. State*, 910 S.W.2d 490, 497-98 (Tex. Crim. App. 1995) (en banc) (failure to make specific objection at trial waives Eighth Amendment claim of cruel and unusual punishment). Because appellant failed to make any objection regarding her punishment during sentencing or in a motion for new trial, she failed to preserve any error. *Goley v. State*, Nos. 07-18-00145-CR, 07-18-00302-CR, 2019 Tex. App. LEXIS 6699, at *4-5 (Tex. App.—Amarillo Aug. 2, 2019, no pet.) (mem. op., not designated for publication). Accordingly, appellant's sole issue is overruled.

## Conclusion

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

---

[3] *See* TEX. R. APP. P. 33.1(a). The complaining party must object at the earliest possible opportunity and obtain an adverse ruling and, on appeal, the arguments must comport with the objection at trial or the error is waived. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Even constitutional errors may be waived by a failure to object at trial. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). Although appellate courts may take notice of error affecting rights so fundamental to the judicial process that they are granted special protection and cannot be waived by inaction alone, *Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (en banc), a cruel and unusual complaint does not constitute fundamental error. *Trevino v. State*, 174 S.W.3d 925, 927-28 (Tex. App.—Corpus Christi 2005, pet. ref'd).